[Sac. No. 2280.  Department One.—May 12, 1915.]

In the Matter of the Estate of MARTHA L. TOOLEY, Deceased.

WILL—PRIOR DISTINCT GIFT LIMITED BY SUBSEQUENT CLEAR DISPOSITION OF REMAINDER—WORD "DESIRE" USED DISPOSITIVELY.—A clear and distinct gift by a testatrix of all her property to her daughter, contained in the first paragraph of her will, is effectually limited by a succeeding clause which provides that if at her daughter's death she has neither husband nor children "I *desire* any property that may be left divided equally among my sisters and brother." The words

of disposition of the second clause are as equally clear and distinct
as those of the first, within the meaning of section 1322 of the Civil
Code.

ID.—PROPERTY OF ESTATE PASSES BY WAY OF REMAINDER.—Under such
will, upon the death of the daughter having neither a husband nor
children, the property of the estate passed by way of remainder to
the brother and sisters of the testatrix.

ID.—WORDS OF DESIRE OR WISH WHEN DISPOSITIVE.—Words of a will
expressing desire or wish, when directed to the estate, and not to
some devisee with respect to the property received by such devisee,
are to be deemed as dispositive expressions evincing the will of the
testator with respect to the property.

APPEAL from a decree of the Superior Court of Glenn
County distributing the estate of a deceased person.    Wm.
M. Finch, Judge.

The facts are stated in the opinion of the court.

Frank Freeman, for Appellants.

Glenn West, Ben F. Geis, and Duard F. Geis, for Re-
spondents.

SHAW, J.—The transcript presents an appeal by the
brother and sisters of the decedent from a decree of the
superior court making distribution of her estate.    The sole
question presented is the construction of the last will of the
decedent.

The will reads as follows:

"I give all my property at my death to my daughter Logan
Mattie Tooley.

"If at her death she has neither husband or children I
desire any property that may be left divided equally among
my sisters and brother.

"MARTHA L. TOOLEY."

The daughter, Logan Mattie Tooley, survived her mother,
the testatrix, but died before the petition for distribution was
filed.    She also left a will by which she gave all her property
to Leonard Lenus Klemmer subject to a small annuity.    She
was unmarried at the time of her death and had no children.
Letters of administration with the will annexed were granted
upon her estate.    In the petition for distribution of the
mother's estate the executor asked that distribution thereof

be made to the brother and sisters of Martha L. Tooley. The administratrix of the daughter's estate filed an opposition to this petition and asked that distribution be made to said administratrix for the benefit of the estate of said Logan Mattie Tooley. The court denied the petition for distribution and sustained the opposition thereto. Distribution was made accordingly to the administratrix of the estate of the daughter for the benefit of said estate.

The contention of the respondents is that the first paragraph of the will vests the estate in the property of the mother absolutely in the daughter, Logan Mattie Tooley, and that the second paragraph is ineffectual to change this disposition. They rely upon the rule set forth in section 1322 of the Civil Code. It is as follows:

"A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will."

The argument is that the words of the second paragraph of the will are not as clear and distinct as those of the first paragraph, and, consequently, that they cannot affect the clear and distinct devise and bequest contained in the first paragraph. The basis of this argument is that the word "desire" in the second paragraph is not to be taken as a positive disposition of the property but only as an expression of a wish or preference directed to the devisee Logan Mattie Tooley. We are of the opinion that this position is untenable. The words of a will are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be collected. The second clause of the will, if taken alone, would constitute a clear disposition of the remainder at the death of the testatrix to her brother and sisters. The rule is practically universal that words in a will indicating the wish of the testator regarding the disposition to be made of her property by the law at her death are to be taken as a dispositive provision. The correct rule is clearly stated in *Board etc. v. Culp,* 151 Pa. St. 467, 470, [25 Atl. 118], as follows:

"Where, however, words of recommendation, request and the like are used in direct reference to the estate, they are *prima facie* testamentary and imperative, and not precatory.

Should the testator say merely 'I desire A. B. to have one thousand dollars,' it would be as effectual a legacy as if he were expressly to direct or will it, or were to add 'out of my estate,' or that it should be paid by his executor. The reason is obvious. A will, in its nature, is the disposition which the testator desires to have made of his estate after his death. All the expressions indicative of his wish or will are commands. It is different when, having made a disposition, he expresses a desire that the legatee or devisee should make a certain use of his bounty." In *Estate of Marti*, 132 Cal. 671, [61 Pac. 965], the court, upon this subject, said: "While the desire of the testator for the disposition of his estate will be construed as a command when addressed to his executor, it will not, when addressed to his legatee, be construed as a limitation upon the estate or interest which he has given in absolute terms." In the Tooley will the words of the second clause are, in the sense here referred to, "addressed to the executor," and are mandatory.

The respondents here deny that there is either a precatory trust or disposition of the remainder. The Marti case establishes beyond question that there is here no trust. The result would be that the second clause would be wholly ineffectual, which is contrary to the rule of section 1325 (Civ. Code) that a will is to be so interpreted as to give some effect to every clause, rather than so as to render any expression inoperative.

The proposition that words expressing desire or wish, when directed to the estate, and not to some devisee with respect to the property received by such devisee, are to be deemed as dispositive expressions evincing the will of the testator with respect to the property, is thoroughly well established. In *Estate of Wood*, 36 Cal. 80, the will began as follows: "I wish five thousand dollars to go to John C. Cole, in the event of my dying intestate." Notwithstanding the use of the word "intestate," the court held that this constituted a will, saying: "It clearly fills the definition of a will given by approved writers on that branch of the law, viz.: 'The declaration of a man's mind as to the manner in which he would have his property or estate disposed of after death.'" To hold otherwise, the court remarked, would be to assert that he went through the solemn form of executing such an instrument for no purpose whatever. The following cases declare that the word "desire," or other similar expression, when used to

declare the disposition to be made of property at the death of the testator and not as a request or prayer directed to a devisee or legatee concerning such devise or legacy, is a dispositive command, testamentary in character and not precatory, but a positive direction binding upon the court in the distribution of the estate: *Barney* v. *Hayes,* 11 Mont. 571, [28 Am. St. Rep. 495, 29 Pac. 282] ; *McMurry* v. *Stanley,* 69 Tex. 231, [6 S. W. 412] ; *Stewart* v. *Stewart,* 61 N. J. Eq. 28, [47 Atl. 633] ; *Weber* v. *Bryant,* 161 Mass. 403, [37 N. E. 203] ; *Appeal of Philadelphia,* 112 Pa. 474, [4 Atl. 4] ; *Meehan* v. *Brennen,* 16 App. Div. 395, [45 N. Y. Supp. 58] ; *Taylor* v. *Martin* (Pa.), 8 Atl. 922; *Oyster* v. *Knull,* 137 Pa. 448, [21 Am. St. Rep. 890, 20 Atl. 622] ; *Brasher* v. *Marsh.* 15 Ohio St. 111; *Wood* v. *Camden etc. Co.,* 44 N. J. Eq. 460, [14 Atl. 885] ; *Phillips* v. *Phillips,* 112 N. Y. 205, [8 Am. St. Rep. 737, 19 N. E. 411].

In view of these authorities it cannot be said that the words of the second paragraph of the will are not equally clear and distinct as those of the first paragraph. We think no case can be found, in which a will indicating a disposition of property by the word "desire" or "wish" has been held not to be sufficient to constitute a will. The meaning of the word, when used in such connection in a will, is as clear as that of any other word in the language.

The decisions upon the question whether or not words of recommendation, entreaty, or desire directed to a devisee or legatee asking or enjoining a disposition of the thing devised or bequeathed, are precatory words sufficient to establish a trust, or are mere expressions leaving the matter to the discretion of the devisee or legatee, have no bearing upon this case. Such questions arise only when the request is made, or from the context is construed to be made, to the devisee or legatee. Where the words are used to describe a disposition of property, that is where they are directed to the executor or to the law and not to a devisee or legatee, the authorities are uniform that the word is sufficient to declare a disposition of the property. The second paragraph of the will is not directed to Logan Mattie Tooley at all, but is a clear statement that, upon her death without husband or children, whatever of her mother's estate then remains is to be divided equally among the sisters and brother of Martha L. Tooley. For these rea-

sons we are of the opinion that the court below erred in making the decree complained of.

The decree of distribution is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.

Angellotti, C. J., dissented from the order denying a rehearing, and filed the following opinion on June 11, 1915:

ANGELLOTTI, C. J.—I dissent from the order denying a rehearing.

To my mind it is correctly stated in the petition for rehearing that the theory of the department opinion apparently is that words which may properly be held sufficient to show a primary or direct devise of property, will necessarily be sufficient to qualify or cut down an absolute estate in the same property given in unequivocal language by a preceding provision of the will. Such a theory, I think, finds no support in the authorities. The question is, not whether such words as are used in the second paragraph of the will here involved would be taken as a positive disposition by the testatrix of the property referred to, if they were the only words in the will relative to such property, but whether, *considered in connection with the words of the first paragraph* referring to the same property and clearly and distinctly devising an absolute estate therein, they show an intent on the part of the testatrix to limit the effect of the disposition made by such paragraph. In the determination of this question, section 1322 of the Civil Code is applicable. I am of the opinion that the judge of the lower court was correct in his conclusion that the words used in the second paragraph with relation to this property are "not equally clear and distinct" as those used in the first paragraph, that, considered in connection with the first paragraph, they fail to show any intention on the part of the testatrix that her daughter should take less than an absolute estate, and that they should be considered as nothing more than the expression of a wish or desire on the part of the testatrix, addressed to her daughter.