[L. A. 5941. Department One.—May 27, 1919.]

In the Matter of the Estate of LOUISE F. SHIRLEY, Deceased.

[1] ESTATES OF DECEASED PERSONS — WILL — WORDS IMPOSING CONDITION UPON BEQUEST — ADDRESS TO PARTICULAR PERSON UNNECESSARY.—Where words are used which dispose of property or impose a condition upon a bequest given elsewhere in a will, they need not be addressed to anyone. It is enough that they show the intent and will of the testatrix regarding the property or legacy.

[2] ID.—FORFEITURE CLAUSE—WORDS NOT AFFECTING CLEAR BEQUEST —RULE INAPPLICABLE.—The rule that a clear and distinct bequest in a will cannot be affected by any other words not equally clear and distinct in another part of the will, is not applicable to a provision in a will wherein the words are entirely clear and distinct as an expression of the will of the testatrix that if any legatee or devisee shall undertake to contest the will the legacy given to such person shall be thereby forfeited.

[3] ID.—CONSTRUCTION OF FORFEITURE CLAUSE—DISPOSITIVE PROVISION. A clause in a will following the residuary bequest providing that "Should any one to whom I have made a bequest of any portion of my Estate undertake to break my Will I desire such persons bequest becomes void and be set aside," is a dispositive provision of the will, and not a mere expression of the wish or desire of the testatrix, and a violation of the condition works a forfeiture of the bequest.

APPEAL from an order of the Superior Court of San Diego County of partial distribution of the estate of a deceased person. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henning & McGee and F. B. Andrews for Appellant.

Johnson W. Puterbaugh and Eugene Daney for Respondent.

SHAW, J.—This is an appeal by Lucy. C. McKinney, one of the legatees mentioned in the will of Louise F. Shirley, from an order and decree of the superior court made on September 19, 1918, granting the petition of the executor to partially distribute the assets of the estate and denying the right of the appellant to participate in said distribution.

The appellant was a sister and one of the heirs at law of the testatrix. The will gave to Lucy C. McKinney a legacy of one thousand dollars, and to twelve other persons legacies in different sums varying from fifty dollars to five thousand dollars, and the residue to two young sons of George H. Van Arnam. Following the residuary bequest she appointed George Puterbaugh as the executor of the will. Then follows the language which is responsible for the appeal, as follows:

"Should any one to whom I have made a bequest of any portion of my Estate undertake to break my Will I desire such persons bequest becomes void and be set aside."

CLXXX Cal.—26

The court found that Lucy C. McKinney did undertake to break the will by contesting probate thereof; that on the trial of said contest the decision was against her, and that said will was thereupon duly admitted to probate. It is obvious that this attempt brings her within. the terms of the clause just quoted, and that if said clause constitutes a condition to the legacy in her favor she has violated the condition and thereby forfeited her right to receive such legacy.

The appellant contends that the clause above quoted is not a dispositive provision of the will, but a mere expression of a wish or desire, addressed to no particular person and entirely ineffective to bring about a forfeiture of the legacy upon a violation of its terms. In support of this construction of the clause she relies on the decisions of this court in *Estate of Marti,* 132 Cal. 666, [61 Pac. 964, 64 Pac. 1071]; *Kauffman* v. *Gries,* 141 Cal. 295, [74 Pac. 846]; *Estate of Mitchell,* 160 Cal. 618, [117 Pac. 774]; and *Estate of Purcell,* 167 Cal. 176, [138 Pac. 704]. These decisions each involved the question whether or not a precatory trust was created by the terms of a will purporting to impose upon the devisee or legatee a duty to a third person with reference to the property devised or bequeathed. They are applications of the rule of interpretation governing words addressed to the devisee or legatee concerning the property devised or bequeathed to him, as distinguished from the interpretation of general or particular expressions of the testator's will not so addressed, or, as it is sometimes stated, "addressed to the executor." The distinction is thus stated in *Estate of Marti,* 132 Cal. 671, [61 Pac. 965]: "While the desire of a testator for the disposition of his estate will be construed as a command when addressed to his executor, it will not, when addressed to his legatee, be construed as a limitation upon the estate or interest which he has given to him in absolute terms." Appellant seizes upon the phrase, "addressed to the executor," in the above passage, and therefrom draws the inference that when the word "desire" is used and it is not in terms or expressly *addressed* to any person, it is not to be construed as indicating the intention of the testator to dispose of his estate or to effect a disposition thereof, but is a mere ineffective statement of his hope or wish. The phrase quoted was used in that case only as a convenient form of expression, and the passage is not to be taken as rigidly

as the appellant claims.  Other words have been held equally
effective.  In *Board* v. *Culp*, 151 Pa. 470, [25 Atl. 118],
quoted with approval in *Estate of Tooley*, 170 Cal. 166, [Ann.
Cas. 1917B, 516, 149 Pac. 574] ; the rule is said to be that
where words of request and the like "are used in *direct
reference to the estate,* they are *prima facie* testamentary
and imperative, and not precatory."  In *Estate of Tooley*,
the testatrix, after a positive gift of all her property to her
daughter, followed it with the statement that if the daughter
died without husband or children "I desire that any property
that may be left divided equally among my sisters and
brother."  The word "desire," so used, was held to be a
word disposing of the estate and qualifying the preceding
gift thereof.  The court said: "The rule is practically uni-
versal that words in a will indicating the wish of the tes-
tatrix regarding the disposition to be made of her property
by the law at her death are to be taken as a dispositive pro-
vision," and that where "directed to the executor or to the
law and not to a devisee or legatee," the word "desire" is
sufficient "to declare a disposition of the property."

[1]  The fact that the clause here involved is not formally
addressed or directed to any person as one by whom the be-
quest should be set aside is of no importance.  Where words
are used which dispose of property or impose a condition
upon a bequest given elsewhere in the will, they need not
be addressed to anyone.  It is enough that they show the
intent and will of the testatrix regarding the property or
legacy.  If they do this, the court and the law will carry it
out by probating the will and distributing the estate as is
provided therein.

[2]  The appellant also invokes the rule that a clear and
distinct bequest in a will cannot be affected by any other
words, not equally clear and distinct in another part of the
will.  (Civ. Code, sec. 1322.)  The words of the qualifying
clause first above quoted are not grammatical in form, but
they are entirely clear and distinct as an expression of the
will of the testatrix that if any legatee or devisee shall
undertake to contest the will the legacy given to such person
shall be thereby forfeited.  The rule referred to does not
apply to the case.

[3]  We are of the opinion that the court below correctly
construed the will and properly held that the appellant was

not entitled to the legacy. (*Estate of Hite,* 155 Cal. 436, [17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953, 101 Pac. 443]; *Estate of Miller,* 156 Cal. 119, [23 L. R. A. (N. S.) 868, 103 Pac. 842].)

The order is affirmed.

Olney, J., and Lawlor, J., concurred.