[Civ. No. 4186. Second Appellate District, Division One.—May 18, 1923.]

In the Matter of the Estate of ELIZA J. STODDART, Deceased. EMILY NEWTON et al., Appellants, v. MARY E. STODDART et al., Executrices, etc., Respondents.

[1] WILLS—OUTRIGHT BEQUEST—QUALIFYING CLAUSE—INTENT — CONSTRUCTION.—Where the qualifying clause immediately following a provision in a will constituting an outright bequest is sufficiently clear and distinct that the intention of the testatrix can be ascertained therefrom with reasonable certainty, the rule laid down in section 1322 of the Civil Code, to the effect that a clear and distinct devise cannot be affected by any other words not equally clear and distinct, will not apply so as to render the qualifying clause void for uncertainty.

[2] ID. — BEQUESTS TO MARRIED DAUGHTERS — TRUST — SURVIVAL OF HUSBAND—INTENT OF TESTATRIX.—Where a will, after devising the residue of the estate of the testatrix to her six daughters, in equal shares or parts, provides that if a certain two of the daughters, who are at the time married (the other four being unmarried), "or either of them, shall survive me and not then be widowed, I give, devise and bequeath unto" the persons named as executrices "and to their successors, the portions or portion which would otherwise go to said" two married daughters, "or either of them, under this paragraph, to have and to hold the same in trust" for certain uses and purposes in the will specified, such provision is sufficiently clear and distinct to ascertain with reasonable certainty the intention of the testatrix.

[3] ID.—DEATH OF HUSBAND OF BENEFICIARY—TERMINATION OF TRUST—DISPOSITION OF PROPERTY — INTENT. — Such provisions of said will are not in conflict with a further provision contained in the trust clause thereof that in the event either of said two married daughters shall be left a widow "the portion of my estate so held by said trustees for either of said daughters shall at once go to and vest in and be paid to such widowed daughter" and the remaining portion or interest only shall thereafter be held under the terms of this trust by said trustees, it being apparent from this latter provision that the testatrix did not intend that by the death of the husband of only one of her married daughters his widow should receive all of the trust property, but only that upon the happening of such condition she should receive one-half of the trust property, the other one-half to remain in trust.

[4] ID.—DEATH OF BENEFICIARY PRIOR TO HUSBAND — DISPOSITION OF TRUST PROPERTY—INTENT.—Where said will further provides that "on the death of" the said two married daughters "or either of them prior to the death of their husbands or the husband of either of them, the portion of the principal of such trust fund as shall be held for the benefit of such deceased daughter shall at once go to and vest in" the four unmarried daughters, it is clear that the testatrix intended that upon the death of either of the two married daughters prior to the death of her husband one-half of the trust property (being one-sixth of the residue of the estate) should go to the four unmarried daughters.

APPEAL from a decree of distribution of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lester Wm. Roth and Frank M. Gunter for Appellants.

Flint, MacKay & Bowen for Respondents.

CURTIS, J.—Eliza J. Stoddart died March 1, 1914, leaving a last will and testament which was duly admitted to probate in the superior court of the county of Los Angeles. She left surviving her six daughters and one son. Four of the daughters were unmarried and were living with their mother at the time of her death. Two of her daughters, Emily Newton and Grace C. Shattuck, were married at the time of their mother's death, and Emily Newton had then a husband and one child living, and Grace C. Shattuck had a husband and five children living. The son of the deceased has no interest in this proceeding. Since the death of the testatrix, Grace C. Shattuck, one of the married daughters, died, leaving her husband and five children surviving. Lillian E. Shattuck, one of said children, is the executrix of the last will of her mother, and together with Emily Newton, the surviving married daughter of the said Eliza J. Stoddart, are the appellants in this proceeding. Mary E. Stoddart and Evelyn L. Stoddart, two of the unmarried daughters, were named as executrices of their mother's will, and as such are the respondents herein.

The testatrix, after making certain special bequests, disposed of the residue of her estate, which residue was by far the greater portion of the estate left by her, by the following provisions of her will: "All the rest, residue and remainder of my estate I give, devise, and bequeath to such of my daughters as survive me, in equal shares or parts; provided that if my said daughters, Grace Shattuck and Emily Newton, or either of them, shall survive me and not then be widowed, I give, devise, and bequeath unto Mary E. Stoddart and Evelyn L. Stoddart and to their successors, the portions or portion which would otherwise go to said Grace Shattuck and Emily Newton, or either of them, under this paragraph, to have and to hold the same in trust for the following uses and purposes:

"To receive and collect the income, interest and other revenue derived therefrom and to pay the net amount thereof in equal shares to said Grace Shattuck and Emily Newton, so long as each of them shall live, unless either of them shall be left a widow, in which latter event the portion of my estate so held by said trustees for either of said daughters, shall at once go to, vest in and be paid to such widowed daughter, and the remaining portion of interest, only, shall thereafter be held under the terms of this trust by said trustees; or if only one of said daughters, to wit, Grace Shattuck and Emily Newton, survive me and is not then a widow, the whole of the net income of the portion of my estate which would have gone to her as above provided, shall be paid to such daughter, and the principal thereof shall be held by such trustees subject to the trusts in this paragraph; and on the death of said Grace Shattuck or Emily Newton or either of them prior to the death of their husbands or the husband of either of them, the portion of the principal of such trust fund as shall be held for the benefit of such deceased daughter shall at once go to and vest in my daughters, Mary E. Stoddart, Florence E. Stoddart, Evelyn L. Stoddart and Bessie D. Stoddart, or the survivors, in equal shares.

"If however my said daughters, Mary E. Stoddart, Evelyn L. Stoddart, Florence E. Stoddart and Bessie D. Stoddart, shall all predecease their sisters Grace Shattuck and Emily Newton, or either of them, then on the death of all those first above named this trust, or so much thereof as shall then

be in force, shall terminate, and the fund or funds then held in trust shall at once go to and vest in said Grace Shattuck and Emily Newton, or either of them, in such proportion or interests as they or either of them were last entitled to receive the income from such trust fund.''

The court, upon final hearing, granted distribution of said residue of said estate as follows:

''XI. That all the rest, residue and remainder of the estate of Eliza J. Stoddart, deceased, now in the hands of said executrices, as hereinbefore described, and all other property belonging to said estate and to said testatrix at the time of her death, whether described herein or not, be, and the same is hereby distributed as follows:

''(a) An undivided one-sixth (⅙) thereof to Mary E. Stoddart, Florence E. Stoddart, Evelyn L. Stoddart and Bessie D. Stoddart, as tenants in common share and share alike.

''(b) An undivided one-sixth (⅙) thereof to Mary E. Stoddart.

''(c) An undivided one-sixth (⅙) thereof to Florence E. Stoddart.

''(d) An undivided one-sixth (⅙) thereof to Evelyn L. Stoddart.

''(e) An undivided one-sixth (⅙) thereof to Bessie D. Stoddart.

''(f) An undivided one-sixth (⅙) thereof to Mary E. Stoddart and Evelyn L. Stoddart in trust upon the following uses and trusts:

''To receive and collect the income, interest and other revenue derived therefrom and to pay the net amount thereof to Emily S. Newton so long as she shall live, unless she shall be left a widow; in which latter event, that is to say, upon her being left a widow, said one-sixth (⅙) interest shall at once go to, vest in, and be paid to the said Emily S. Newton, as her absolute property; and on the death of the said Emily S. Newton, prior to the death of her husband, Edward Payson Newton, the principal of said one-sixth (⅙) interest shall at once go to and vest absolutely in Mary E. Stoddart, Florence E. Stoddart, Evelyn L. Stoddart and Bessie D. Stoddart, or such of them as may be living at the death of the said Emily S. Newton (occurring during her said husband's lifetime), as tenants in

common share and share alike; and in case of the death of all four of said last named sisters, to-wit: Mary E. Stoddart, Florence E. Stoddart, Evelyn L. Stoddart and Bessie D. Stoddart, during the lifetime of the said Emily S. Newton, said trust shall cease, if the same shall then be in force, and the principal of said one-sixth ($\frac{1}{6}$) interest shall at once go to and vest in the said Emily S. Newton absolutely."

Appellants make no objection to that portion of the decree of distribution wherein an undivided one-sixth of said residue is distributed to each of the unmarried daughters, Mary E. Stoddart, Florence E. Stoddart, Evelyn L. Stoddart, and Bessie D. Stoddart, being subdivisions (b), (c), (d), and (e) of paragraph XI of the decree of distribution hereinbefore set out, but they do object to subdivisions (a) and (f) of said paragraph XI.

Subdivision (a) relates to the one-sixth interest, which, under the terms of said will, would have gone to Grace C. Shattuck, had she been widowed and living at the time of the death of her mother; and subdivision (f) relates to the one-sixth interest which would have gone to Emily S. Newton, had she been widowed and living at the time of the death of her mother.

Appellants contend that the one-sixth interest referred to in subdivision (a) should have been distributed direct to the heirs of the said Grace C. Shattuck, and that the one-sixth interest referred to in paragraph (f) should have been distributed direct to Emily S. Newton. Appellants base their claim upon the contention that all that portion of the residuary clause of the will above quoted, following the word "provided," is so vague, general, and equivocal that it cannot affect the clear and distinct desire of the testatrix expressed in that portion of the residuary clause preceding the word "provided." That portion of said residuary clause, preceding the word "provided" is as follows: "All the rest, residue and remainder of my estate I give, devise and bequeath to such of my daughters as survive me in equal shares or parts." By this portion of the residuary clause, standing alone, the testatrix explicitly bequeathed the residuary portion of her estate to such of her daughters as might survive her, in equal shares or parts.

Appellants, in support of their appeal, assert that the clear and distinct devise first expressed herein by the testatrix, under the rule of construction expressed in section 1322 of the Civil Code and kindred rules, is entirely "unaffected" by the subsequent language of said residuary clause which is "not equally clear and distinct," but which is, on the contrary, ambiguous and equivocal throughout, and that the trust, attempted to be set up in the proviso following the outright gift, and which is repugnant to it, must fail in that its language is so vague, general, and equivocal, that the trust is left wholly uncertain in all of its material terms. In other words, appellants' contention is that the outright bequests to the six daughters are valid, but that the attempt to limit the bequests made to the two married daughters is so uncertain as to render this limitation absolutely void, leaving the straight bequests of the whole of the residuary property to the six daughters of the deceased unaffected by any other portion of the will.

Section 1322 of the Civil Code is as follows: "*In what case devise not affected.* A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will."

This rule of construction put in succinct form by our code is one that has long prevailed, not only in this state, but generally in other jurisdictions in this country. (3 Church on Probate Law and Practice, 2d ed., p. 2179.)

In Thompson on Wills the rule is thus stated: "If the subsequent clause is vague and unintelligible and the prior clause is clear and intelligible, the prior clause will not be destroyed, cut down, or limited by the subsequent clause." (Sec. 154, p. 134.) Taking the code section and stripping it of all useless verbiage, the rule for our purpose may be stated as follows: A clear and distinct devise cannot be affected by any other words not equally clear and distinct. This section of the Civil Code was before the supreme court in the two cases of the *Estate of Tooley,* 170 Cal. 164 [Ann. Cas. 1917B, 516, 149 Pac. 574], and the *Estate of Briggs,* 186 Cal. 351 [199 Pac. 322]. In the latter case the court said: "Nor is the expression of the testatrix's intention

contained in the second clause open to the objection that it is not 'clear and distinct.' In *Estate of Tooley, supra,* a similar question was presented. The will in that case read:

" 'I give all my property at my death to my daughter, Logan Mattie Tooley.

" 'If at her death she has neither husband or children I desire any property that may be left divided equally among my sisters and brother.'

"Of the contention that the words of the second paragraph were not as clear and distinct as those of the first, and consequently could not cut down the distinct devise contained in the first, the court said: 'In view of these authorities it cannot be said that the words of the second paragraph of the will are not equally clear and distinct as those of the first paragraph. We think no case can be found in which a will indicating a disposition of property by the word "desire" or "wish" has been held not to be sufficient to constitute a will. The meaning of the word, when used in such connection in a will, is as clear as that of any other word in the language.'

"In the case here, although the testatrix used the technical word 'bequeath' in the first clause, the word 'desire' used in the second, in connection with the words she has used in the first, *equally well expresses her testamentary intention and is equally as clear as the word 'bequeath.'* "

Commenting upon certain words of a will and their sufficiency under this section of the Civil Code, the supreme court uses the following language: "The words of the qualifying clause first above quoted are not grammatical in form, *but they are entirely clear and distinct as an expression of the will of the testatrix* that if any legatee or devisee shall undertake to contest the will the legacy given to such person shall be thereby forfeited. The rule referred to does not apply to the case." (*Estate of Shirley,* 180 Cal. 400 [181 Pac. 777].)

[1] From the foregoing authorities it would appear that if the qualifying clause is sufficiently clear and distinct that the intention of the testatrix can be ascertained therefrom with reasonable certainty, then the rule laid down in section 1322 of the Civil Code will not apply so as to render the qualifying clause void for uncertainty.

With this understanding as to the meaning of section 1322 we will now proceed to examine a few of the provisions of the qualifying clause of the will objected to by appellants, and which they contend are so uncertain as to render them void under the rule prescribed by said section.

[2]  The first objection is made to the following portion of the will: "Provided that if my said daughters, Grace Shattuck and Emily Newton, or either of them, shall survive me and not then be widowed, I give, and bequeath unto Mary E. Stoddart and Evelyn L. Stoddart and to their successors, the portions or portion which would otherwise go to said Grace Shattuck and Emily Newton, or either of them, under this paragraph, to have and to hold the same in trust for the following uses and purposes."

It is the contention of appellants that, since by the above provision of the will, "it is stated that it is 'the portions *or portion*' which would otherwise go to Grace Shattuck and Emily Newton '*or either of them*' that is to pass into the trust, and it is not stated under what contingency the *single* portion only passes, and, if a single portion, *which* portion; it will be demonstrated that the testatrix has failed to indicate with the clarity required by section 1322 of the Civil Code and the authorities previously cited, or at all, *the part of the clearly expressed gift referred to.*"

"The clearly expressed gift" we understand counsel to mean is the two-sixths of the estate given unconditionally to the two married daughters in that portion of the will immediately preceding the word "provided." It is admitted that the terms of the will preceding the word "provided," or as we will hereafter refer to this part of the will as the *proviso,* make clear the contingency upon which the whole of the gift passes into the trust fund. This contingency is the survival under coverture of both married daughters. If both of the married daughters of the testatrix survive her under coverture, then the two-sixths interest or "the two portions" which would otherwise go to them, goes into and forms the trust fund. This is conceded by appellants, but it is contended by them that the proviso fails to state clearly the contingency upon which only a single portion may pass into the trust fund, and, if a single portion, which portion.

The proviso plainly states that "if my said daughters . . . or either of them, shall survive me and not be widowed, I give to" the trustees "the portions or portion which would otherwise go to" said married daughters "or either of them." The only reasonable construction that can be given to these words is that if both of the married daughters survive the testatrix and are then unwidowed, "the portions" will go to the trustees, but if only one of said married daughters survive the testatrix and she is unwidowed, then "the portion" which would otherwise go to her (if she was then not under coverture) passes into the trust fund. We can see no escape from such a construction. The intent of the testatrix is in our opinion clear and explicit, and is as above set out. We are, therefore, unable to agree with appellants that this portion of the will of the testatrix should be declared void for uncertainty.

[3] Appellants next contend that there is a hopeless conflict in the language used to designate the portions that each married daughter is to take in the event of her widowhood. It is set forth in the will that in the event either of the married daughters shall be left a widow "[the portion of my estate so held by said trustees for either of said daughters shall at once go to and vest in and be paid to such widowed daughter] and the remaining portion or interest only shall thereafter be held under the terms of this trust by said trustees." Appellants insist that the portion of the above provision of the will, set off in brackets, compels the vesting in favor of the first widowed daughter of both portions of the trust estate; that the words "held . . . for either" constitute a designation of the entire property held in trust, and that such a construction is in conflict with the clause of the will following that in brackets, which latter clause shows that the passing of the entire trust property could not have been intended. From this provision of the will, it is clear that the testatrix did not intend that by the death of the husband of one of her married daughters his widow should receive all of the trust property. The will provides that if the portion is paid to her, the "remaining portion shall be held on the terms of this trust." Throughout the whole will, the testatrix refers repeatedly to "the portion" of the estate. By such

reference she clearly means the one-sixth interest which each of her daughters was to receive in the property of her estate—the four unmarried daughters to receive their portions absolutely, and the two married daughters, conditionally. In the same sense she uses the terms ''the portion'' in the clause of the will last above quoted and when she provided that ''the portion of my estate so held by said trustees for either of said daughters shall at once go to such widowed daughter'' she could have intended but one thing, and that was that the one-sixth interest held by said trustees for said widowed daughter should at once go to her upon the death of her husband. That she could not have intended that both portions, or the two-sixths interest, should go to the daughter first widowed is made still more apparent when we read the balance of this clause which provides that ''the remaining portion or interest only shall thereafter be held under the terms of this trust by said trustees.'' We think, therefore, that it clearly appears from this clause of the will that the testatrix intended that in the event of the death of the husband of either of her married daughters, then the portion, or one-sixth interest, held by her trustees for said married daughter, should immediately be paid to said widowed daughter, and the remaining portion, or one-sixth interest, only, should be held by said trustees for the other married daughter. There is, in our opinion, no conflict in the language of this clause used to designate the portion that each married daughter is to take in the event of her widowhood.

[4] The third objection made by appellants is that the daughter Grace Shattuck, having died approximately four years after the decease of the testatrix, it cannot now be ascertained what part of the trust property is to go to the single daughters. This involves the construction of the following clause of the will: ''On the death of the said Grace Shattuck or Emily Newton, or either of them, prior to the death of the husbands, or the husband of either of them, the portion of the principal of said trust fund as shall be held for the benefit of said deceased daughter shall at once go to and vest in the four unmarried daughters.'' It is the appellants' contention that the language used is entirely uncertain, in that it refers to the portion of the principal of such trust fund as shall be held for the benefit

of said deceased daughter, when there is no portion of the principal of the trust fund held for one daughter separately from the other, but that there is a single trust fund held for both jointly. Appellants base their argument upon a prior clause in the trust provision reading as follows: "To pay the net amount thereof in equal shares to said Grace Shattuck and Emily Newton so long as each of them shall live," and appellants claim that by providing that the net income from the two-sixths interest is to be paid in equal shares to the two married daughters, that the will thereby merged these two interests in the one single trust fund, and that the trustees hold both interests as one trust for the joint benefit of the two beneficiaries and hold no portion thereof for either beneficiary separately. Appellants rely upon the *Estate of Fair*, 136 Cal. 79 [68 Pac. 306], to support them in this contention. In that case the court decided that where trustees were directed to collect the income from certain real and personal property and to pay the net proceeds thereof to certain beneficiaries, that the real and personal property constituted a single trust, and where the trust is declared invalid as to the real property, the trust as to the personal property, being inseparately united and interwoven with the invalid trust in regard to the real property, is itself invalid and must fail with the defeat of the trust scheme of the testator. The court said: "Under these conditions, to hold that the testator, if he had known that his attempted disposition of the realty was invalid, and that upon his death his vast amount of real property, worth many millions of dollars, would go immediately in fee simple to his children, would have given them also the income of the personal property, would be to indulge in a most impossible supposition and to violate the settled law on the subject." We fail to see any similarity in the principles of law involved in the proceeding before us with those in the *Estate of Fair, supra*. Neither do we agree with appellants' contention that there is no portion of the trust fund held for one daughter separately from the other. On the other hand, we think that it is clear from the will that each of these two married daughters has a distinct and separate right to one-half of the trust fund unconnected in any manner with the right of her married sister to a like interest in said fund, except that their two

interests were to be held by the same trustees. The interests were exactly alike, and, therefore, the direction to the trustees to pay the net income therefrom to the two sisters in equal shares was simply a convenient mode of expressing the wish of the testatrix as to the disposition of this income and could not, and in our opinion did not, change the nature of the interest held by them respectively.

Appellants in their brief have directed the court's attention to other portions of the will which they consider are lacking in that clarity demanded by section 1322 of the Civil Code, and which, therefore, are void for uncertainty. We consider, however, that the most serious objections made by appellants are those which we have hereinbefore discussed and which we believe we have sufficiently shown are not subject to the criticism made against them by appellants. Those objections which we have not discussed are in our opinion not well taken.

Our conclusion, therefore, is that the limitations imposed by the testatrix upon the bequests made to her two married daughters are not so uncertain as to render them absolutely void, but, on the other hand, we are of the opinion that the qualifying clause prescribing these limitations is sufficiently clear and distinct, that the intention of the testatrix can be ascertained therefrom with reasonable certainty, and is, therefore, legal and valid. Furthermore, we are of the opinion that the lower court correctly interpreted the terms of the will as indicated by the decree of distribution, the material portions of which are hereinbefore set out.

The decree of distribution is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 14, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1923.