[Civ. No. 5591.  First Appellate District, Division Two.—March 3, 1926.]

In the Matter of the Estate of EMILY H. WEBER, Deceased. JACOB WEBER, Appellant, v. ALICE HECKER et al., Respondents.

[1] WILLS—CONSTRUCTION—INTENT.—On the interpretation of a will it is the duty of the court to determine if possible the intention of the testator, and for this purpose there are numerous instances where parol evidence is admissible.

[2] ID.—EVIDENCE—APPEAL—CONSTRUCTION.—Where the probate court, after a hearing, bases its construction of the will upon the evidence presented, the appellate court, without having the evidence before it, cannot say that a different construction should have been given, unless it is a case where no evidence was admissible, and the failure to file a judgment-roll or a bill of exceptions is sufficient to require the affirmance of an order of final distribution, from which an appeal is taken.

[3] ID.—DISPOSITION OF PROPERTY—CONSTRUCTION—INTENT.—Under a will reading in part as follows: "I, Emily H. Weber . . . do make, publish and declare this my last Will and Testament in the manner following, that is to say: First: To Alice Hecker . . . $500, To Sophy Hecker . . . $5,500 [and to seven others in the same language but in varying sums]. Secondly: All clothing, linen, etc. to go to Sister-in-law Sophy Hecker," the intention of the testa-

1.  See 26 Cal. Jur. 889; 28 R. C. L. 270.
3.  See 26 Cal. Jur. 884.

trix to leave the money designated to the persons named is so strong that an intention contrary to that imputed to the testatrix cannot be supposed to have existed.

(1) 40 Cyc., p. 1386, n. 85, p. 1429, n. 13. (2) 24 C. J., p. 536, n. 76 New. (3) 40 Cyc., p. 1388, n. 90, p. 1390, n. 99, 3, p. 1392, n. 11, p. 1414, n. 26, p. 1415, n. 28, p. 1528, n. 32.

APPEAL from an order of the Superior Court of Los Angeles County directing final distribution. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis F. Labarere and John A. Cronin for Appellant.

Karl L. Ratzer for Respondents.

NOURSE, J.—This is an appeal on behalf of the surviving husband of Emily H. Weber, deceased, from the decree of final distribution of her estate. The appeal is presented on a printed transcript consisting of the executor's first and final account and petition for distribution, the appellant's objections thereto, the order settling the account and decreeing distribution under the will, and the notice of appeal from the decree. These several documents are accompanied by the certificate of the county clerk that they are true copies of the documents on file in his office. The appeal apparently was taken under the "old" method, but there is no judgment-roll and no bill of exceptions. It appears from the copy of the order appealed from that a hearing was had and evidence taken on appellant's objections, which were then overruled. These objections raised two points—that property of the value of $153 listed in the account was community property, and that the will did not make a valid disposition of the property of the estate. We have no information regarding the nature of the evidence taken at the hearing. If addressed to the question of the interpretation of the will it should have been brought up on this appeal in a bill of exceptions. [1] On the interpretation of a will it is the duty of the court to determine if possible the intention of the testator. For this purpose there are numerous instances where parol evidence is admissible. [2] Where,

therefore, the probate court, after a hearing, bases its construction of the will upon the evidence presented, the appellate court, without having the evidence before it, cannot say that a different construction should have been given, unless it is a case where no evidence was admissible. The failure to file a judgment-roll or a bill of exceptions is sufficient to require an affirmance of the order appealed from.

[3] In addition to this, we are satisfied that appellant's claim that the will fails to make disposition of the property is without merit. The will in part reads as follows: "I, Emily H. Weber . . . do make, publish and declare this my last Will and Testament in the manner following, that is to say: First: To Alice Hecker . . . $500, To Sophy Hecker . . . $5,500 [and to seven others in the same language, but in varying sums]. Secondly: All clothing, linen, etc., to go to Sister-in-law Sophy Hecker." The final clause named an executor to serve without bonds. The point raised by appellant is that the will does not contain any dispositive or operative word covering the bequests of money enumerated in the first paragraph. Respondents' answer is that there is no uncertainty in any portion of the will; that the use of the words "To Alice Hecker, $500" clearly indicates the intention of the testatrix to bequeath Alice Hecker $500, or, if there be any doubt on this score, the bequest must arise by implication from the context of the will.

It would serve no purpose to discuss or analyze the numerous authorities cited by the respective parties. It is sufficient to say that though the cases bear both ways, the final expression of the supreme court found in *Estate of Franck,* 190 Cal. 28, 31 [210 Pac. 417], is conclusive. In that case the court say: "Particular words are not requisite to create a legacy or devise. It is essential that the intention of the testator to make the gift be shown. (*Estate of Barclay,* 152 Cal. 753, 757 [93 Pac. 1012].) (2) The cardinal rule for the construction of wills is to ascertain the intention of the testator, and this is determined from the words of the will, considering the circumstances under which it was made, if there is any uncertainty in its language. (*Estate of Budd,* 166 Cal. 286, 292 [135 Pac. 1131]; *Estate of Henderson,* 161 Cal. 353, 357 [119 Pac. 496]; *Estate of Mitchell,* 160 Cal. 618 [17 Pac. 774]; *Estate of Crothers,* 161 Cal. 588 [119 Pac. 926]; *Estate of Spreckels,* 162 Cal.

559 [123 Pac. 371].) (3) The will and its entire scheme, the property disposed of, the persons named as devisees and legatees, the words and the context should be considered together, and words used in the will should be construed according to their surroundings. (*Estate of Koch,* 8 Cal. App. 90 [96 Pac. 100].) (4) It is equally well settled that a devise or bequest may arise by implication. To warrant the court in so declaring there must be something more than conjecture. The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind."

In the case at hand there is no need for conjecture as to the intention of the testatrix. When she separately named seven persons and specified specific amounts of money "to" each she intended to leave the money designated to the persons named. Thus the probability of an intention to make these gifts is so strong that "an intention contrary to that imputed to the testa(trix) cannot be supposed to have existed."

Order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.