[Civ. No. 21958. Second Dist., Div. One. Jan. 23, 1957.]

Estate of ROSE PLUMER, Deceased. ANDREW E. PERKINS, Appellant, v. MITCHELL LEWIS et al., Respondents.

Mantalica, Barclay & Teegarden and Lewis C. Teegarden for Appellant.

Henshey & Beeman and Edmond Gattone for Respondents.

DORAN, J.—A few hours after the death of Rose Plumer, who died on March 3, 1955, an envelope was found in decedent's apartment containing three sheets of paper written entirely in Rose Plumer's handwriting. The three pages were found clipped together at the top with a paper clip and folded together, and the containing envelope was endorsed, "Rose Plumer's Will." All three sheets were dated in decedent's handwriting, November 15, 1948, but only one of the sheets bore Rose Plumer's signature. It is conceded that two of the sheets constitute a valid, holographic will. The contest herein relates to the third sheet entitled "Memorandum for Executors," dated and written in decedent's handwriting but unsigned.

On the first page of the admittedly valid holographic will, executors were named and instructions given for burial. At the bottom of this first page the decedent started a list of assets which list is continued on the second page. After leaving a blank space of several inches, Mrs. Plumer dated

and signed this page. No legatees or devisees are therein named nor is there any disposition of property.

█ The third sheet here under discussion, folded and clipped to the other two sheets, entitled ''Memorandum for Executors,'' is in decedent's handwriting, and commences with the statement, ''I want my friends to be remembered,'' followed by nine names, the last of which has been deleted and initialed by decedent. The paper then states: ''The cash in envelope marked 'Mitchell Lewis Personal'—is to be used to pay funeral expenses & remainder to be, after,—Executors Fees & expenses, divided with the above named friends.'' Several items of jewelry and furnishing are likewise mentioned which are to be given to certain designated persons. The name of one beneficiary has been changed, the alteration being initialed by the decedent. As hereinbefore indicated, this third sheet is unsigned. In addition to the three sheets folded and clipped together, the envelope contained two other papers neither dated nor signed, one of which contained a list of war bonds while the other gave information concerning decedent's safe deposit box. These last mentioned sheets are not claimed to be a part of the will.

The trial court found ''That the three sheets (original will and memorandum for executors) . . . are each testamentary in character and constitute one instrument and should be read and construed together as a complete, harmonious and homogeneous Will''; that the three sheets are ''integrated,'' and ''that the signature of Rose Plumer on the second page of the Will was written by her with the intention that it should serve as a token of execution by her of her Will consisting of three pages.''

That these finding of the trial court find substantial support in the record cannot be doubted. Such being the situation, a reviewing court may not enter upon a reconsideration or revaluation of the evidence. Moreover, the determination arrived at would seem to give proper effect to the intentions of Mrs. Plumer without doing violence to established rules of law.

It is appellant's contention that ''On the question of the proper execution of a will, the intention of the testatrix is entitled to no consideration.'' It is also argued that ''The legislature did not intend that a separate document headed 'Memorandum for Executors' dated but unsigned should constitute a part of a will which is complete in itself and signed at the bottom,'' and that strict adherence to statutory requirements is required in order to prevent fraud.

Such contentions, however, lose sight of the fact that the doctrine of integration in connection with testamentary disposition is well established in this state, and clearly applicable to the present situation. *In re Dumas' Estate,* 34 Cal.2d 406 [210 P.2d 697], integration is defined as "the association of disconnected writing by their internal sense, their coherence, or adaption of parts." This doctrine is distinguished from that as "incorporation by reference," and applies where "it is clear that two or more separate writings are intended by the testator to be his will." This case contains various appropriate citations involving situations where "several writings, connected by sequence of thought, . . . folded together, . . . or physically forming one document . . . have been admitted to probate as constituting an holographic will. *In re Estate of Wunderle,* 30 Cal.2d 274, 281 [181 P.2d 874, 878]."

So also, in *Estate of Moody,* 118 Cal.App.2d 300, 308 [257 P.2d 709], the reviewing court says: "If the papers are all holographic and there is a dating and signing somewhere among them, it is immaterial when or where the dating or signing was done so long as it may be reasonably inferred that the testator meant all the papers together to constitute his will and that the signature was written with the intent that it should serve as a token of execution."

Although it is true that mere intention of a testatrix cannot cure the defects of an invalid will, the testamentary document herein considered cannot be deemed an invalid will. Again quoting from the Moody case, just cited, a will "may consist of several sheets of paper, and it does not in and of itself matter that one of such sheets standing along would not constitute an executed will." Appellant's argument that "where the possibility of fraud exists, the courts are strict" in reference to such matters, can have no application to the present controversy in which no issue of fraud is present.

Finally, it is appellant's contention that "Costs should be deferred to the conclusion of the matter and then should be charged to the estate." The trial court, "in its discretion," as provided in section 1232 of the Probate Code, ruled that defendants "are entitled to recover their costs from contestant." There has been no showing of any abuse of discretion in this ruling.

As hereinbefore indicated, the court's findings that all three pages were intended as the will of testatrix and that the sheets in question are all properly integrated, are amply supported

by both law and evidence, and no reversible error has been pointed out.

The order is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1957.