[Civ. No. 22821.   Second Dist., Div. One.   Apr. 16, 1958.]

Estate of ROSE PLUMER, Deceased.   GEORGIA E. WARE, Appellant, v. FORREST JOHNSON, as Executor, etc., et al., Respondents.

Mantalica, Barclay & Teegarden for Appellant.

Henshey & Beeman and Edmond Gattone for Respondents.

FOURT, J.—This is an appeal by the petitioner from that portion of an order and decree determining heirship and interest in estate which decrees that the residue of the estate should be distributed to the persons named in the will, and not to the petitioner and Andrew E. Perkins, first cousins of the deceased, who are not named in the will.

The decedent died on March 3, 1955, in Los Angeles County, leaving surviving her as her only heirs at law, two first cousins, namely the petitioner and Andrew E. Perkins. The decedent left a holographic will consisting of three pages, one of which pages was titled "Memorandum for Executors," (*Estate of Plumer,* 147 Cal.App.2d 760 [306 P.2d 110]), and which was admitted to probate. Andrew E. Perkins contested the will; however the superior court denied the contest and admitted all three pages of the document in question as the last will of the decedent. ▆ That order was appealed from, and was affirmed by this court (*Estate of Plumer, supra,* 147 Cal.App.2d 760). That decision and the issues therein determined are the law of the case. (*Allen* v. *California Mutual B. & L. Assn.,* 22 Cal.2d 474 [139 P.2d 321].)

The testatrix, in her will, first set forth that the document was her last will, that she was in her "right mind" and "not influenced unduly by anyone;" that she had no debts and "no living blood relatives" and that "anyone claiming a debt or relationship and proving it shall be given, one Dollar $1.00 to quit their claim." She then appointed the executors, and thereafter described her assets in detail. On the last page of her will she set forth:

"Memorandum for Executors

Nov. 15th 1948

"I want my friends to be remembered

    Mitchell Lewis
    Doreen Turner Garwick
    Rose McVey
    Flora and Roy Turner
    Mary Edwards
    Ruth and Tom Lambeth
    ~~Edna Kelley Allen~~ out R. P.

"The cash in envelope marked 'Mitchell Lewis, Personal' is to be used to pay funeral expenses & remainder to be, after Executors fees & expenses, divided with the above named friends. . . ."

She then set forth certain specific bequests to various friends consisting of certain items of furniture, jewelry and wearing apparel.

The estate of the decedent was appraised at $53,265.93. The amount of money in the envelope above mentioned was $5,240.

Appellant contends that by using the word "remainder" in the sentence which relates to the cash in the envelope marked "Mitchell Lewis, Personal," she meant that her friends were to get what was left from the amount in the envelope after paying the funeral expenses, executors' fees and expenses, and that the balance of the estate should go to the first cousins. In other words, appellant asserts that the words "I want my friends to be remembered" are indicative of a wish to give those friends a small remembrance and nothing else.

The judge determined the construction of the will without the aid of any evidence. Accordingly, it is the duty of this court to construe it. (*Estate of Moody,* 118 Cal.App. 2d 300, 305 [257 P.2d 709] ; *Estate of Luckel,* 151 Cal.App.2d 481 [312 P.2d 24].)

Webster's New International Dictionary, 2d edition (Unabridged), defines the transitive verb, "remember" in part as follows: "remember. Transition—3(b). To keep in mind as deserving a reward, hence to reward; as, he was *remembered* in the will."

The words "I want my friends remembered" are directed to the executors and express the testatrix' desire and intention that the friends who are listed and named, be rewarded. The words are a command and dispositive. (See *Estate of Lawrence,* 17 Cal.2d 1, 7 [108 P.2d 893] ; *Estate of Tooley,* 170 Cal. 164 [149 P. 574] ; *Estate of Shirley,* 180 Cal. 400 [181 P. 777].)

However, dispositive or operative words are not necessary to create a testamentary disposition of property. (*Estate of Weber,* 76 Cal.App. 723, 725 [245 P. 776].)

"A will is to be construed according to the intention of the testator." (Prob. Code, § 101.)

*Estate of Lawrence, supra,* at page 6, contains the following language:

"In the construction of wills the paramount rule, to which all others must yield, is that a will is to be construed according to the intention of the testator, as expressed therein, and this intention must be given effect as far as possible. (Citing cases.)

"Of course, as stated in the case of *Estate of Wilson, supra* [184 Cal. 63 (193 P. 581)], at page 68: 'Of this class of questions, it may be said, with more truth, perhaps, than of any other, that each case depends upon its own peculiar facts, and that precedents have comparatively small value. Except for the establishment of general principles, very little aid can be procured from adjudged cases in the construction of wills.' "

■■ In this case the testatrix declared that she had no living blood relatives, and that in the event any persons claimed such relationship and proved it they were to be given one dollar to quit their claim. She clearly set forth that she intended to disinherit her heirs, if any, and where the will specifically excludes the relatives from sharing the estate, she manifested an intention to avoid intestacy. (*Estate of Soulie,* 72 Cal.App.2d 332 [164 P.2d 565].) ■ ". . . constructions which lead to intestacy, total or partial, are not favored; and that such interpretation should, if possible, be placed upon the provisions of the will as will prevent intestacy, especially where the will evinces an intention on the part of the testator to dispose of his whole estate. (Citing cases.) It is clear also in the instant case that the testator intended to and did dispose of his entire estate entirely without provision for his heirs." (*Estate of Lawrence, supra,* p. 7.)

■ It was appropriately said in *Estate of Hart,* 151 Cal. App.2d 271, at pages 282-283 [311 P.2d 605]: "The fact that a testator makes a will raises a presumption that he intended to dispose of all of his property (citing cases) and wherever a testamentary provision may be given either of two meanings, that meaning should be given to it which will prevent intestacy, either entire or partial. (Citing cases.)" (See also *Estate of O'Brien,* 74 Cal.App.2d 405, 408 [168 P.2d 432]; *Estate of Rowley,* 126 Cal.App.2d 571, 575-576 [272 P.2d 911].)

Appellant asserts, in effect, that the expression as used by the testatrix is not usual if she intended to dispose of her estate to her friends. ■ However, no particular mode of expression is necessary to constitute a residuary legatee. (*Estate of Upham,* 127 Cal. 90, 98 [59 P. 315]; *Estate of Keller,* 134 Cal.App.2d 232, 240 [286 P.2d 889]; *Estate of Weber, supra,* 76 Cal.App. 723, 725.)

394

The fact that the residuary clause in this particular will is followed by some specific bequests of jewelry and furniture is of no moment for "[a]lthough the residuary clause usually appears as the last of the disposing provisions of a will, it is not necessary that it be so placed, and its presence elsewhere does not lessen its force and effect or affect the validity of the instrument since the clause is, in legal contemplation, the last in the will regardless of its actual position. It has been held that, where the clause is not the last of the disposing provisions, a particular bequest following it may reasonably be read as an exception out of the property comprising it. The position of the clause at any place other than the end will bear on the question of whether or not it was intended to be a residuary clause." (96 C.J.S. § 796, pp. 217-218.)

We are bound to interpret the will so as to give the residuary clause a broad and liberal interpretation to the end that intestacy may be prevented. (*Estate of O'Brien, supra,* 74 Cal.App.2d 405, 409-410; *Estate of Olson,* 144 Cal.App.2d 694, 696 [301 P.2d 501]; *Estate of Boyd,* 148 Cal.App.2d 821 [307 P.2d 754]; Prob. Code, § 102.)

The rule to the effect that the blood of the testator is preferred has its limitations, as was pointed out in *Estate of Lawrence, supra,* 17 Cal.2d 1, at page 12, wherein the court said:

"Although it has been held that where a will is capable of two interpretations, under one of which those of the blood of the testator will take, while under the other the property will go to strangers, the interpretation by which the property goes to those of the blood is preferred (citing cases), nevertheless, the said rule does not apply where in order to prefer those of the blood of the testator, it is necessary to ignore the presumption against intestacy and in favor of upholding the intent of the testator as expressed in his will."

Furthermore, the rule is well established to the effect that if the interpretation by the trial court appears to be reasonable and consistent with the intent of the testatrix, the trial court should be affirmed even though a different interpretation might seem equally tenable. (See *Estate of Schuster,* 137 Cal.App.2d 125 [289 P.2d 847]; *Estate of Lewis,* 91 Cal. App.2d 322 [204 P.2d 898].)

In our opinion, the most that can be said for the appellant's contention as to what the testatrix meant by the use of the

word "remember" is that it was ambiguous as used in this case.

Judgment affirmed.

White, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 11, 1958. Traynor, J., was of the opinion that the petition should be granted.