ASHBURN, J.
Appellants Joan Schuster and Larry Bate-man Henton are niece and nephew of decedent Albert J. Bateman. By petition to determine heirship a ruling was sought to the effect that they as sole heirs of decedent were entitled to distribution as intestate property of that part of the estate referred to in decedent’s will as “property held of record in joint tenancy” with his wife. Mrs. Bateman died on October 12, 1960, and the husband, Albert J. Bateman, on October 25, 1960, 13 days later. Although title to joint property had vested in him by survivorship Mr. Bateman prior to his death had not had the record changed to show the fact of his sole ownership and from this circumstance arises appellants’ claim. From an adverse decision declaring respondent Griffith Hall Remelin (son of Mrs. Bateman by a former marriage) entitled to succeed to all property of decedent this appeal is taken.
The pertinent portions of the will read as follows: “Second: My only legal heir is my wife, Margaret H. Bate-man. I have no children, no deceased children or issue of any deceased children. Third: All the property which stands in the name of myself and my wife, other than property held of record in joint tenancy, if any, is our community property. It is my intention to dispose of all of my property, except any held of record in joint tenancy, and to exercise any testamentary power of appointment I may own at my death. Fourth : I hereby give, devise and bequeath all of my estate, real, personal and mixed and wheresoever situated unto my wife, Margaret H. Bateman. Fifth : In the event my wife predeceases me or does not survive an order of distribution of my estate, then I hereby give, devise and bequeath my estate, real, personal and mixed and wheresoever situated unto Griffith Hall Remelin, the son of my wife, by a former marriage, an adult, presently residing in Garden Grove, California, upon the principle of representation. Sixth : Except as otherwise provided for in this Will, I have intentionally and with full knowledge, omitted to provide for my heirs. If any devisee, legatee or beneficiary under this Will shall contest it or any of its parts or provisions, any share or interest given to that person shall be revoked and augment proportionately the shares of such of the beneficiaries hereunder as shall not have joined or participated in said contest.”
It is appellants' contention that the third paragraph of the will expresses an intention that property “held of record in joint tenancy” is to pass by intestacy, in light of the expressed *795 intention “to dispose of all of my property, except any held of record in joint tenancy.” Respondent contends that since the decedent’s wife predeceased him, he, in fact, did not own any joint tenancy property in that the joint tenancy was terminated on his wife’s death. It is further contended that the questioned clause was put in the will solely for the purpose of avoiding confusion with respect to joint tenancy property in the event that he predeceased his wife.
The pertinent rules of construction have been stated and restated in the eases. The intention of the testator “is to be gleaned from a reading of the will as a whole and not from the apparent meaning of any clause or clauses considered alone, and an interpretation is to be preferred which will prevent a total intestacy if justified by the language used in the will.” (Estate of Maxwell, 158 Cal.App.2d 544, 548 [322 P.2d 1018].) Estate of Plumer, 159 Cal.App.2d 389, 393 [324 P.2d 346]: “In this case the testatrix declared that she had no living blood relatives, and that in the event any persons claimed such relationship and proved it they were to be given one dollar to quit their claim. She clearly set forth that she intended to disinherit her heirs, if any, and where the will specifically excludes the relatives from sharing the estate, she manifested an intention to avoid intestacy. (Estate of Soulie, 72 Cal.App.2d 332 [164 P.2d 565].) ‘. . . constructions which lead to intestacy, total or partial, are not favored; and that such interpretation should, if possible, be placed upon the provisions of the will as will prevent intestacy, especially where the will evinces an intention on the part of the testator to dispose of his whole estate.’ ” (Emphasis added.)
The first sentence of paragraph Third of the will suggests an intention to rule out of the status of joint property any other assets which stood in the “name of myself and my wife,” either as tenants in common or without explanation, and at the same time to recognize testator’s lack of testamentary power over joint property. “It is my intention to dispose of all my property, except any held of record in joint tenancy.” Paragraph Fifth leaves everything to the wife’s son in the event of her predeceasing testator and departs from any mention of joint tenancy property; it leaves all the estate to respondent Remelin without any words of restriction or qualification. Then follows a clear showing in Sixth that testator wanted none of his property to go to the appellants: *796 “Except as otherwise provided for in this Will, I have intentionally and with full knowledge, omitted to provide for my heirs.”
Estate of Karkeet, 56 Cal.2d 277, 281-282 [14 Cal.Rptr. 664, 363 P.2d 896] : “The controlling rule is stated in section 101 of the Probate Code, which provides that a will is to be construed according to the intention of the testator. ‘AH other rules of construction are subordinate to this cardinal rule and in its application presumptions are to be indulged which will prevent entire or partial intestacy. (Estate of Blake, 157 Cal. 448, 458-459 [108 P. 287].) ’ (Estate of Akeley, 35 Cal.2d 26, 28-29 [215 P.2d 921, 17 A.L.R.2d 647].) The Probate Code provides further in section 102 that where there are ‘two modes of interpreting a will, that is to be preferred which will prevent a total intestacy. ’ Constructions leading to intestacy in whole or in part are generally rejected where the language of a will may reasonably be construed to dispose of the entire estate. ... 1 [T]here is no rule of construction which would prevent the court from applying the language of a will in accordance with the manifest intention of the testatrix even though to do so would require an interpretation not in accord with the technical meaning of words used. On the contrary it is the duty of the court so to construe the language that it will conform to the testatrix’ intention as disclosed by the will rather than to defeat such intention by strict adherence to the technical sense of particular words. ’ ”
There is a presumption that testator intends to dispose of all his property. “A devise or bequest of all the testator’s real or personal property, in express terms, or in any other terms denoting his intent to dispose of all his real or personal property, passes all the real or personal property which he was entitled to dispose of by will at the time of his death, including property embraced in a power to devise.” (Prob. Code, § 125.) As we said in Estate of Kuttler, 160 Cal.App.2d 332, 346 [325 P.2d 624] : “There is a presumption against intestacy, total or partial, which is very strong. ‘There is a presumption that a testator intends to dispose of all of his property in the absence of controlling language in the will to the contrary. [Citations.] In construing the will it was proper for the trial court to take this presumption against partial intestacy into consideration. [Citations.] ’ (Estate of Schuster, supra, 137 Cal.App.2d 125, 130 [289 P.2d 847]:) ‘With respect to such a situation, many decisions of this state *797 provide authority for the rule that where by the terms of a will it is not made clear nor certain that intestacy—whether partial or total—was intended, an interpretation which will avoid intestacy will be adopted. [Citations.] Also, it has been judicially declared that “The very fact of making a will raises a presumption that the testatrix intended to dispose of all of her property.” [Citations.] And in the case last cited, the court reiterated the rule that “Whenever a disputed word or phrase may be reasonably given either of two meanings, that meaning should be given which will prevent intestacy . . . [citations].” Constructions which lead either to total or partial intestacy are not favored. [Citations.] ’ (Estate of Northcutt, 16 Cal.2d 683, 689-690 [107 P.2d 607].)”
No parol evidence was received below and the construction of this will was and is a question of law. (Estate of Donnellan, 164 Cal. 14, 19 [127 P. 166]; Estate of Janes, 18 Cal.2d 512, 515 [116 P.2d 438]; Estate of Erlanger, 103 Cal.App.2d 659, 663 [230 P.2d 33]; 53 Cal.Jur.2d §§ 372-373, pp. 645-648.) Where the construction given the will considered without the aid of extrinsic evidence is reasonable and appears to be consistent with the testator’s intention a court of review will not substitute another construction even though it appears to be equally tenable. (Estate of Plumer, supra, 159 Cal.App.2d 389, 394; 53 Cal.Jur.2d § 373, at p. 648.)
Unless precluded by the terms of the instrument a will speaks as of the date of testator’s death. (Estate of Babb, 200 Cal. 252, 255 [252 P. 1039]; Estate of Crane, 6 Cal.2d 218, 221 [57 P.2d 476, 104 A.L.R. 1101]; 53 Cal.Jur.2d § 379, p. 657.) At the time of his death Mr. Bateman had no joint tenancy property, although the record of title had not been altered. This is a case in which the letter of the testament should be subordinated to the plainly expressed intention that none of testator’s property should go to appellants and that respondent should take all of it. The trial court soundly ruled to this effect.
“Decree Determining Interest in Estate” is affirmed.
Fox, P. J., and Herndon, J., concurred.