ADCOCK *v.* SMITH.

(*Knoxville.* October 3, 1896.)

EXEMPTION. *Of wages of mechanics and laboring men from seizure for debt.*

The earnings of an iron "puddler," who is paid so much per ton, are exempt from garnishment for his debts under ? 2931 (M. & V.) code, exempting from execution, seizure, or attachment thirty dollars of the "wages of every mechanic or other laborer."

Code construed: ? 3794 (S.); ? 2931 (M. & V.).

Cases cited and approved: Collier *v.* Murphy, 90 Tenn., 300; 33 Pa. St., 241; 54 Iowa, 728.

FROM KNOX.

Appeal from Circuit Court of Knox County. J. W. SNEED, J.

S. G. HEISKELL for Adcock.

J. F. J. LEWIS for Smith.

WILKES, J. This is a garnishment proceeding to reach what is claimed as exempt wages under the provisions of the Code (M. & V.), § 2931. This section, in effect, exempts from execution, seizure, or attachment thirty dollars of the wages of every me-

chanic or laboring man, and the only question is, does the defendant, William Smith, bring himself within the terms of this exemption. The cause was commenced before a Justice of the Peace and taken by appeal to the Circuit Court, and that Court held that the amount due defendant was due him as the wages of a laboring man and not the subject of garnishment, and plaintiffs have appealed and assign error.

The Knoxville Iron Company, which was garnisheed in the case, answered. The testimony of the secretary and treasurer was also taken, and is substantially the same as the answer, and is to the effect that Smith was in the employment of the company, and that the company owed him $10, of which $8.40 was due July 20, 1895, and $1.55 due August 20, 1895; that the indebtedness was for puddling iron at the rate of $3 per ton; that the contract with Smith was to pay him for the tons or parts of tons he puddled, and that the company does not hire puddlers by the day or month, but by the ton alone. Smith testified that he worked for the iron company boiling iron, and was paid $3 per ton; that he was required to go to work at a certain hour and quit at a certain hour, and that unless he complied with the hours he would be discharged. He adds, "I am a mechanic and laboring man, and work for wages;" that the company paid him $3 per ton for the iron he boiled, and that he worked upon no other terms. This is all

the evidence in the case, and presents the facts upon which the decision must be based. Briefs have been filed on both sides, but no authority has been cited. It is insisted on the one hand that Smith simply has a contract to puddle iron and that he stands in the same attitude as would a man who contracts to build a house for $500 or any other amount. On the other hand, attention is called to the fact that Smith· received his pay monthly on the twentieth of each month; that he was compelled to begin and quit work at a certain hour, and these features, it is insisted, make him a laborer for wages.

We have no decision of this Court directly adjudicating the question involved. We have made search among the authorities for the holdings in other States. Wages is defined to be the compensation paid by the day, week, month, etc., for the services of laborers or other subordinate or menial employees. 28 Am. & Eng. Enc. L., 513; Abbott's Law Dictionary; Anderson's Law Dictionary.

Wages, in the sense of the exempting statutes, are held to be such as are earned by the hands and labor of the individual himself and his family under his direction, and does not extend to what. he earns as superintendent or master of other laborers. Shinn on Attachment and , Garnishment, Vol. II., p. 558. This holding will not be questioned, but the point presented is, does the term· "wages" embrace compensation to be paid by the job or by the amount performed, or is it limited to cases where the com-

pensation is fixed by the length of time engaged. In Shinn on Attachment and Garnishment, it is held that the wages of a miner who himself works in a coal mine at so much per ton comes within the exemption, citing *Pennsylvania Coal Co.* v. *Costello*, 33 Pa. St., 241.

In *Ford* v. *St. Louis Ry. Co.*, 54 Iowa, 728, the Court, among other things, said: "The word wages means the compensation paid to a hired person for his services. This compensation to the laborer may be a specified sum for a given time of service or a fixed sum for a specified piece of work—that is, payment may be made by the job. The word wages does not imply that the compensation is to be determined solely upon the basis of time spent in service, but it may also be determined by the work done. Wages means compensation estimated in either way." Our own decisions hold that the statutes creating exemptions are to be liberally construed in favor of the debtor class. *Collier* v. *Murphy*, 6 Pickle, 300.

We are unable to see why a laborer should be deprived of this exemption because his labor is compensated by the job, or by the amount of work or number of articles finished, instead of by the number of hours he is employed. He is no more an independent contractor when he agrees to puddle iron at so much per ton, than he would be if he were to receive so much per day. In either case, he is laboring with his own hands for an employer, and

Adcock *v.* Smith.

under his direction and control and superintendence, and he is in no sense an independent contractor, working when and how he may choose.   Our farmers employ laborers to pick cotton for them at a certain rate per one hundred pounds, or to cut wood at a certain rate per cord, and the manufacturer employs laborers to weave cloth at so much per yard, and the mine owner employs laborers to mine coal by the ton, and so on through the various industries, and certainly in such cases the persons employed are "laborers" working for "wages," the amount of which is fixed, not by the time engaged, but by the results achieved, and the law applies in the one case as well as in the other.

There is no error in the judgment of the Circuit Court, and it is affirmed with costs.