[Civ. No. 12443.   Second Appellate District, Division Two.—February 23, 1940.]

In the Matter of the Estate of WILLIAM IRVING HOL-LINGSWORTH, Deceased.   WILLIAM IRVING HOL-LINGSWORTH, Jr., Executor, etc., et al., Appellants, v. MILES W. BLAINE, Respondent.

Binford & Binford for Appellants.

Stanley M. Arndt for Respondent.

THE COURT.—This is an appeal from a judgment of the superior court, sitting in probate, determining that respondent is interested in the estate as a legatee and that he is entitled under decedent's will to have distributed to him the sum of $705.

The decedent, William I. Hollingsworth, died testate in September, 1937.   In due course his will was admitted to pro-

bate and thereafter respondent petitioned the court under section 1080 of the Probate Code to have his interest in the estate determined. Respondent, who was employed by W. I. Hollingsworth & Co. as a real estate salesman, claimed an interest in said estate by virtue of paragraph fourth (a) of the will, which provides: "I hereby give, devise and bequeath to each person (including domestic servants), who at the time of my death is in my employ and/or in the employ of W. I. Hollingsworth & Co., and/or in the employ of the Hollingsworth Corporation, provided such person has been in my employment or in the employment of either of said corporations continuously for a period of two (2) years immediately prior to my demise, a sum to equal two months salary or wages of such employee, based on the salary or wage which such employee was drawing or receiving at the time of my death, and in addition thereto, the sum of Fifty ($50.00) Dollars for each additional year beyond said two years period of such continuous service." Statements or answers in opposition to respondent's petition were filed by the executors and residuary legatees. From the evidence adduced at the hearing the court found that respondent was an employee of W. I. Hollingsworth & Co., although he received no fixed, periodic salary or wage, being paid solely upon a commission basis; that he had been employed by said company as a real estate salesman continuously for a period of thirteen years prior to decedent's death; that during the two months immediately preceding the death of decedent, respondent received as commissions $77.50 per month. The court entered its decree holding respondent to be entitled upon distribution of $705 as a legatee under the will. Said award is made up of the sum of $155, which represents two months' salary, and $550, which represents the further bequest of $50 per year for the additional eleven years that respondent had been employed by the company.

Both the executors and the residuary legatees have appealed from the decree in favor of respondent, claiming that the court erred in several particulars. However, the controlling question on this appeal has to do with the interpretation of the portion of the will in question, i. e., was it the intention of the testator that respondent and others who worked for testator or one of his corporations, solely upon

a commission basis, should be the recipients of the legacies provided in the will?

Appellants make no contention that respondent was not an employee of W. I. Hollingsworth & Co. On the contrary, it is conceded that he was so employed and there is ample evidence to support the finding of the court to that effect. It is contended, however, that when the testator used the words "salary" and "wages" it was his intention to limit the bequests so as to exclude employees who were paid solely on a commission basis. ■ A rule to be followed in the interpretation of the provisions of a will is that the testamentary instrument is to be examined with a view of discovering the decedent's testamentary scheme or general intention. The meaning of the particular words, phrases and provisions is to be subordinated to this scheme, plan or dominant purpose. (*Estate of Puett,* 1 Cal. (2d) 131 [33 Pac. (2d) 825].) ■ The general testamentary scheme disclosed by the paragraph of the will in question is to reward the faithful employees who have given their exclusive time and efforts in furthering the testator's business interests. There were two general classes of employees in W. I. Hollingsworth & Co., one group being paid a fixed, periodic sum of money and the other, comprising the real estate salesmen, being paid on a commission basis. This being so, in the light of the general testamentary scheme it is difficult to understand why the testator would seek to reward one class of employees and exclude another. More specifically, the obvious intention of the testator, as gathered from the language used in the will, was to reward each person in his employ, or in the employ of either of his corporations, *provided* such employee had been employed continuously for at least two years prior to testator's death. The requirement of two years' continuous employment is the sole limitation upon the class of beneficiaries who are to take under the will.

The words "salary" and "wage" as used by the testator were not intended as words of limitation as to the class of legatees, but rather as a means of determining the amount of the legacy to which each legatee should be entitled. It follows, therefore, that since such words were used in a general, and not a particular or limited sense, they should be interpreted in their broader sense. This is particularly true

in view of the elementary rule in the construction of wills that in order to carry out the real intention of the testator, the language used must be liberally construed and the technical meaning of words used must be subordinated to the general testamentary scheme. (*Estate of Hoytema,* 180 Cal. 430 [181 Pac. 645]; *Estate of Thompson,* 18 Cal. App. (2d) 680 [64 Pac. (2d) 984].) In a limited sense, the word "wage" has been defined as "pay given for labor, usually manual or mechanical, at short stated intervals, as distinguished from salaries". (Webster's New International Dictionary, 1931 edition.) The same authority, however, defines the word in general to be "That which is pledged or paid for work or other services; hire; pay." In its legal sense, the word "wages" has been variously defined as "the price paid for labor; reward of labor; specified sum for a given time of service, or a fixed sum for a specified piece of work". (67 Cor. Jur., p. 284.) The broad meaning of the word is correctly stated in the case of *Adcock* v. *Smith,* 97 Tenn. 373 [37 S. W. 91, at page 92, 56 Am. St. Rep. 810], where it is said: "The word 'wages' does not imply that the compensation is to be determined solely upon the basis of time spent in service, but it may also be determined by the work done. Wages means compensation estimated in either way." Section 200 (a) of the California Labor Code provides: " 'Wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." It is thus apparent that in its legal sense, the word has been given a broad, general definition so as to include compensation for services rendered without regard to the manner in which such compensation is computed. ■ Where a will is drawn by an experienced and competent lawyer, it is to be presumed that legal terms embodied in the will are used in their legal senses. (*Estate of Bourn,* 25 Cal. App. (2d) 590 [78 Pac. (2d) 193].) In the instant case, the will was prepared by a skilled attorney who had been a member of the California bar for many years. It must therefore be presumed that when the word "wage" was used, it was used in its legal sense. We conclude that the testator intended that employees, such as respondent, who were employed upon a commission basis,

should take under the questioned provision of the will. Had it been the intention of the testator to exclude from his bounty employees who were paid on a commission basis, it would have been a simple matter to have indicated that intention by the use of appropriate language.

At the trial, prior to the introduction of any evidence, the parties entered into a stipulation to the effect that respondent received only commissions from the sale of real property and that he was paid no regular or fixed sum of money for his services as a salesman for W. I. Hollingsworth & Co., in which capacity he had been engaged on the date of testator's death and for more than two years prior thereto. Thereafter, over appellants' objection, the court permitted the introduction of evidence concerning the nature of respondent's employment and the amount of compensation which he received. It is now contended that the court erred in receiving such evidence. Appellants' theory appears to be that since it was admitted by stipulation that respondent was a "commission" employee, evidence tending to show that respondent was a "salary" or "wage" employee was inadmissible under any circumstances. As we have heretofore pointed out, however, the fact that respondent received commissions only for his services was not determinative of his status as a legatee under the will. Since the will provided a legacy of two months' salary or wage to each person "in my employ", without naming such persons, any person claiming under such provision would necessarily have to establish by evidence, *aliunde* the will, that he was a person in testator's employ or in the employ of one of the named corporations. It would likewise be incumbent upon such person to prove the amount of salary or wage which he was receiving at the time of testator's death. Unquestionably such facts could be established by stipulation of the parties. We deem it unnecessary to decide whether the stipulations of the parties in the instant case were sufficient in themselves to establish the facts from which respondent's status as a legatee could be determined. It is sufficient to note that if such stipulations were insufficient in any respect, evidence tending to prove respondent's status as a legatee would be admissible. If, on the other hand, such stipulations covered every material fact relative to such issue, other evidence would not properly be admissible since

its sole effect would be cumulative. In neither event could appellants be prejudiced by the admission of such testimony.

■ Although appellants assert that the manner in which the court computed the two months' salary or wage which respondent was receiving at the time of testator's death was erroneous, they have failed to point out wherein the error lies, and we have been unable to find anything unjust or prejudicial in the court's computations. The award of $155 was based upon a finding that respondent earned $77.50 during each of the two months immediately preceding the death of testator. No assertion is made as to what period of time should have been used in making the computations, the sole claim being that the period used was erroneous. The portion of the will under which this computation was made reads as follows: " . . . a sum to equal two months' salary or wages of such employee, based on the salary or wage which such employee was drawing or receiving at the time of my death . . . ". It is reasonable to assume that the testator intended that the amount of the legacy should be equal to the amount of the salary or wage which the legatee received during the two months immediately preceding testator's death. Conceivably, it might have been his intention that the legacy be determined by multiplying by two the amount of salary or wage received during the month in which testator died. Under neither theory could appellants have suffered any prejudice, since respondent's earnings in each month were equal.

The remaining contentions of appellants are without merit.

Judgment affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1940.