[Civ. No. 770.   First Appellate District.—April 15, 1910.]

In the Matter of the Estate of JOSEPH GOETZ, Deceased. LOUIS ALBERT GOETZ et al., Appellants, v. EMMA BOEHM et al., Respondents.

WILL—CONSTRUCTION—MONEY LEGACIES—EXCLUSION OF SPECIFIC DEVISEES AND LEGATEES—PRO RATA SHARE IN SURPLUS MONEY.—Under a will distributing $180,000 in money legacies, and expressly excluding any share therein by specific devisees and legatees of all the testator's land, pictures, jewelry and furniture, declaring that he made "no money bequests" to them, as the real estate "so bequeathed to them in equal shares is ample and sufficient"; but in a final bequest. of any possible "surplus money that may be left, the will states that it" shall be divided equally among "the legatees herein mentioned, share and share alike," the specific devisees and legatees are entitled to share *pro rata* in such surplus.

ID.—INTENTION OF TESTATOR DRAFTING OWN WILL—UNTECHNICAL TERMS—POSSIBLE REDUCTION OF LEGACIES—SURPLUS UNANTICIPATED—CLOSER TIES.—Where the testator was of foreign birth with limited knowledge of technical terms in English, and drew his own will, it seems evident from its terms that he thought the bequests of $180,000 might more than exhaust his money, since he provided for a reduction of legacies if the money was found insufficient, and did not anticipate a surplus which he provided for out of abundance of caution, using the words "if there should be some surplus of money" it shall be divided as expressed, and since those to whom the land and all equipments were bequeathed were in closer ties to him than the money legatees, it seems evident from all the language used that it was merely his intention to exclude them from a share in the specified money legacies, and not from a share in any part of the surplus.

ID.—INTERPRETATION OF REPEATED WORDS IN WILL.—Words occurring more than once in a will are presumed to be used in the same sense; and the allusion to "money bequests" in the clause limiting the bequests of land are evidently used in the same sense as that. of the preceding "money bequests" referred to.

ID.—DOUBTFUL INTENTION TO QUALIFY RESIDUARY CLAUSE—CLEAR AND DISTINCT BEQUEST OF SURPLUS—CODE PROVISION.—It being at. least doubtful whether the testator intended by the qualification of the land bequest, to limit or affect the residuary clause disposing specifically of any possible surplus, it is sufficient to sustain the specific residuary clause that section 1322 of the Civil Code provides that "a clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not

equally clear and distinct, or by inference or argument from other parts of the will or by an inaccurate recital of or reference to its contents in another part of the will."

APPEAL from an order of the Superior Court of San Francisco, denying a petition for partial distribution of the estate of a deceased person.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

P. A. Bergerot, A. P. Dessouslavy, and Jellett & Meyerstein, for Appellants.

Louis Bartlett, for Emma Boehm et al., Respondents.

Loewy & Gutsch, for Camille Goetz et al., Respondents.

KERRIGAN, J.—This is an appeal from an order denying an application for a decree of partial distribution.

The controversy calls for a construction of clauses 7 and 13 of the will of Joseph Goetz, deceased.

The first clause of the will contains the names of the executors and vests them with certain powers.

The second clause reads: "I make the following bequest: all of which money bequest and to be paid in gold coin of the United States of America."

In the third and fourth clauses the testator bequeathed to six nephews and a niece—other than the appellants—and to a grandniece, sums of money aggregating $180,000.

By the fifth clause he devised to the appellants, three nephews and a niece, all his real estate.

In the sixth clause among other gifts he bequeathed to the appellants certain pictures, some jewelry and his household furniture, all of substantial value.

The seventh clause reads as follows: "I make no money bequests to my nephews and niece which are mentioned in paragraph Fifth of my will as the real estate owned by me at the time of my death so bequeathed to them in equal shares is ample and sufficient."

The only other clause in the will that need be quoted is clause 13, which reads as follows: "If there should be some surplus of money from the sales of my personal properties

consisting of mortgages notes; and shares of stocks and banks account so mentioned shall be divided equally among the legatees herein mentioned in this will share and share alike.''

From the findings of the court it appears that the debts of the estate have all been paid; and that after liquidating certain unpaid legacies, and making an adequate allowance for the remaining expenses of administration, the surplus of the personal estate referred to in the thirteenth clause will not be less than $60,000, and there is no reason why a partial distribution of the estate should not be made to the appellants unless it was the intention of the testator, by clause seventh, to exclude them from participating in what he termed the ''surplus'' of his estate.

The appellants are not only devisees, but admittedly by virtue of the terms of the sixth clause of the will they are also legatees, and as such, under clause 13 standing alone, they are beneficiaries.

This brings us to a consideration of the real question in the case, namely, Does the seventh clause of the will limit or affect the thirteenth clause thereof? The testator drew his own will. He was a foreigner by birth, whose command of the English language, and especially of technical legal terms, was limited; and for this reason among others it is somewhat difficult to determine the testator's intentions. We think, however, that it was not his desire that clause seventh should affect or restrict the thirteenth clause. From a reading of the will it would seem that while the testator out of excess of caution provided for the disposition of a possible surplus of his estate, he hardly expected that there would be any surplus, but that the legacies of $180,000 in clauses 3 and 4 would exhaust his entire personal estate. In clause 10 he directed that a portion of the rents of the real property devised should constitute a part of his estate. In clause 11 he directed that if there should not be sufficient money to pay the legacies mentioned in clause 3, said legacies should be proportionately reduced. Clause 13 itself reads: ''If there should be some surplus of money,'' etc., it ''shall be divided equally among my legatees,'' which uncertain form of expression, when compared with the certain and positive language in which other provisions of the will are stated, would also indicate that he considered the surplus of his personalty

to be at least a doubtful quantity. Accordingly, and as the tie was closer and stronger between appellants and the testator than between him and respondents, and as he nowhere in his will stated the value of his whole estate or his real property, it is more reasonable to assume that, remembering the superior claims of appellants on his bounty, he wrote clause 7 to explain why he had made no definite money bequests to appellants, rather than that he intended thereby to exclude them from receiving any part of the possible residue of his estate.

Further light is thrown on the purpose of clause 7 by a consideration of the structural arrangement of the will. In clauses 3, 4, 5 and 6 the testator disposed of $180,000 in cash, all his real estate and his pictures, jewelry and household furniture, which clauses cover what we may term the primary disposition of his property. Immediately following these is clause 7, in which he says, "I make no money bequests to my nephews and niece mentioned in paragraph 5 of my will," as the real estate "bequeathed to them is ample and sufficient." Six clauses farther along he says, however, "If there should be some surplus of money," etc., it "shall be divided equally among the legatees . . . mentioned in this will share and share alike." The seventh clause following immediately, as it does, the disposition, as he apparently supposed, of all of his property, was intended, we believe, not as a limitation or restriction of clause 13, but as a reason why he made no specific money bequests to the appellants.

Again, in clause 2 the testator, in referring to the legacies in clauses 3 and 4 of named sums of money, spoke of them as "money bequests"; and there is some force in the suggestion that in employing the same expression in clause 7 he meant thereby to say that he made no bequests to appellants of specific sums of money because the real estate given them was ample and sufficient. In 30 American and English Encyclopedia of Law, second edition, page 671, it is said: "Repetition of words. Words occurring more than once in a will are presumed to be used always in the same sense when the context does not show a contrary intention, or when the words are not applied to different subjects."

In *Pringle* v. *Wilson*, 156 Cal. 313, [104 Pac. 316], it is said: "It is a familiar rule of construction that other things

being equal, words used in a certain sense in one part of an instrument are deemed to have been used in the same sense in another.'' (See, also, Beal on Legal Interpretation, 2d ed., p. 558.)

It will be unnecessary, however, to consider this point further, for whatever the testator meant by clause 7, it cannot be successfully denied that it is at least doubtful whether that clause was intended to limit or affect clause 13; and section 1322 of the Civil Code specifically provides that a clear and distinct bequest in a will, such as is clause 13, cannot be restricted or qualified by another provision therein which is indefinite or doubtful; and it must be held therefore that appellants are residuary legatees under clause 13, and entitled to partial distribution of the personal estate of the testator. The last-mentioned section reads as follows: ''A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will.'' (See, also, *Estate of Upham,* 127 Cal. 90, [59 Pac. 315]; *Estate of Marti,* 132 Cal. 666, [61 Pac. 964, 64 Pac. 1070]; *Estate of Granniss,* 142 Cal. 1, [75 Pac. 324]; *Williams* v. *Williams,* 73 Cal. 99, [14 Pac. 394].)

The order is reversed, and the court is directed to enter an order granting the application for partial distribution.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 13, 1910.