[Civ. No. 12437–S. Second Appellate District, Division One.—April 15, 1940.]

In the Matter of the Estate of GEORGE WASHINGTON SOMERVILLE, Deceased. CAROL SOMERVILLE ASHLEY et al., Appellants, v. GEORGE S. SOMERVILLE, as Administrator, etc., Respondent.

David P. Hatch for Appellants.

James A. Houlahan for Respondent.

WHITE, J.—This appeal presents a question of construction of the last will and testament of George W. Somerville. The testator died on July 9, 1937, leaving as his survivors his widow, Cora I. Somerville, two daughters, Carol Somerville Ashley and Madge Somerville Nippolt, formerly known as Madge Somerville Ruenitz, and two sons, Saxe Somerville and Wayne W. Somerville. Decedent's will was admitted to probate, and the widow and daughter Carol Somerville Ashley were appointed and regularly qualified as executrices thereof. The provisions of the will which require consideration by us read as follows:

"FIRST: I give, devise and bequeath unto my beloved wife, Cora I. Somerville, free from all incumbrance, the family homestead, situated at No. 2414 Eighth Avenue, Los Angeles,

California, together with all the contents thereof; also the sum of Fifty Thousand Dollars ($50,000.00) to have and to hold the said house and contents and said Fifty Thousand Dollars ($50,000.00) during the term of her natural life, and at her death all of said property, or the residue thereof, shall descend to and become the property of my four children hereinafter mentioned, share and share alike. All of said property shall also become the property of said children, share and share alike, in case my said wife does not survive me; it is my last will and desire that my said wife shall not only have the use and income from all of said property during her natural life, but that she may dispose of such parts thereof as she deems necessary for her personal comfort and happiness.

"SECOND: All the balance and residue of my property, of whatsoever kind or nature, or wheresoever situated, I give, devise and bequeath unto Madge Somerville-Ruenitz, Carol Somerville-Ashley, Saxe Somerville, and Wayne W. Somerville, to be divided equally between them, share and share alike; provided, however, that the said share of my said son Saxe Somerville, shall be held in trust by my executrixes hereinafter named until he is fifty-two (52) years of age, and the share of my said son, Wayne W. Somerville, shall likewise be held in trust by said executrixes until he is forty-seven (47) years of age, the income from the share of each of said sons, however, shall be paid to him annually; and provided, further, that the whole or any part of the share of Saxe Somerville may be paid to him before he becomes fifty-two (52) years of age, and to my son Wayne W. Somerville before he becomes forty-seven (47) years of age, in case any two of my said executrixes hereinafter named, in their opinion, deem it necessary or for the best interests of said son or sons.

"THIRD: In case either of my said sons should die before the time stated herein at which he is to receive the principal portion given him by this will, then and in that event it is my will that the provision herein made for him shall be and become null and void, and his said portion so willed to him shall inure to and become the property of and be divided among my said surviving children, share and share alike."

All of the devisees and legatees mentioned survived the decedent and are still living, except the son Saxe Somerville, who died May 27, 1938, during the administration of his

father's estate and before such son had arrived at the age of 52 years. Surviving him as his only heirs at law are his two daughters, Alice Somerville Glotzbach and Inez Somerville Klein, and a son, George S. Somerville, the latter of whom is acting as administrator of the estate of his father, Saxe Somerville, which is now in the course of administration.

On December 7, 1938, the executrices filed their final account, report and petition for distribution, praying among other things that a decree be made for distribution of the estate to the persons entitled thereto, in accordance with the terms and conditions of the will, as modified by an agreement which is not here pertinent.

Prior to the hearing on the account and petition for distribution, George S. Somerville, as the administrator of the estate of his father, and individually, filed a petition praying, in substance, that the court distribute to him as such administrator the share of the estate his father would have taken under the terms of the will if the latter had survived to receive it. Appropriate objections to the last-named petition were filed by the remaining heirs of George W. Somerville, such heirs claiming that pursuant to the terms and conditions of the will and the agreement mentioned, and by reason of the death of Saxe Somerville, such heirs were entitled to one-third of the remainder of the estate remaining when the death of Cora I. Somerville should occur, which property, pursuant to the terms of the will, she would receive for life; and the surviving heirs of George W. Somervile further contended that they were entitled to one-third of the balance and residue of the property of the estate which is mentioned in the second paragraph of the will. The issues thus presented were determined solely on the pleadings, papers, records and files, and no oral or other evidence was offered or received.

Respondent concedes that the estate of his father is not entitled to any of the balance and residue of the estate mentioned in the second paragraph of the will, and admits that because of the death of Saxe Somerville prior to his attaining the age of 52 years the property mentioned in the second paragraph vests in the surviving daughters and son. Appellants contend that by reason of the death of the testator's son Saxe Somerville prior to the death of his mother and prior to his attaining the age of 52 years, the estate in its entirety vests in the last-mentioned surviving children.

On the hearing of the petition for distribution the trial court construed the third clause of the will to relate only to the second clause and not to the first paragraph of the testamentary document, and therefore decided that with regard to the residue of the property remaining at the death of Cora I. Somerville which she received upon distribution for life, the surviving daughters and son are entitled upon distribution to one-fourth thereof, and that Saxe Somerville was, in his lifetime, entitled to one-fourth thereof; that title thereto vested in the deceased son Saxe Somerville, is now vested in his heirs subject to administration, and that the administrator of his estate is entitled to have distribution thereof. From the last-named portion of the decree, Carol Somerville Ashley, Madge Somerville Nippolt and Wayne W. Somerville prosecute this appeal.

In the present controversy, centering as it does upon the interpretation to be given the third clause of the will, appellants contend that under the provisions of the will Saxe Somerville was devised and bequeathed a conditional estate only in the residue of the property remaining at the death of the widow of deceased, which was distributed to her for life with a limited power of disposal, and that he having died before the life tenant, the property upon his death vested absolutely in his surviving sisters and brother share and share alike; that the decree adjudging that the interest of the deceased son of the testator was vested and upon his death passed to his heirs subject to administration, is not supported by the findings of the trial court, because such findings are in conflict with and contrary to the testator's intentions as expressed in the language of his will. Unless the language of the will negatives the fact that the estate of the remaindermen under the provisions of the first clause was a vested one, we have no hesitancy in saying that the finding of the court that such estate was vested is correct. As is said in 26 California Jurisprudence, page 1013:

"Although the person who is named as the taker of a future estate may have died without having come into enjoyment or possession of the property, the law permits of a conclusion that his ownership was absolute, and that the estate or interest was descendible, devisable and alienable. Ownership is deemed to have been 'vested', although possession or enjoyment was contingent upon the survival of the

designated devisee or legatee. Thus, where property is expressed to be given to X for life, and at the death of X to A, A's estate or interest in remainder is held to be vested, with the result that A's heirs,—A having died before X,—are entitled to claim the property at the termination of the life estate.''

We turn now to a consideration of the testamentary document to ascertain from the language thereof whether or not the testator intended that the interests of the remaindermen should not be vested unless they survived the life tenant. ▇ It is true, as asserted by appellants, that in determining the intention of the testator we must stand by the words of the will, and no intention should be attributed to the testator which cannot reasonably be drawn from the language of the document itself. Section 106 of the Probate Code directs us in the interpretation of wills to view the testamentary words thereof in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can, from the testamentary language, be ascertained. Technical words in a will, it is true, will be taken in a technical sense unless a contrary intention is disclosed by the context, or it appears that the testator was not acquainted with such technical sense. ▇ For our further guidance there is also a rule that the will is to be examined with a view to discovering the decedent's testamentary scheme or general intention; and to this scheme, plan, or dominant purpose the apparent meaning of particular words, phrases and provisions is to be subordinated. (*Estate of Puett,* 1 Cal. (2d) 131, 133 [33 Pac. (2d) 825].)

Applying the foregoing rules to the testamentary instrument before us, we are satisfied that the decedent's testamentary scheme and general intention was to give a life estate to his wife in the property mentioned in the first paragraph of the will, with a remainder in the four children; that he then turned his attention to the residue of his estate, which he bequeathed to his four children, with the proviso, however, that as to his two sons the same should be held in trust until each of said sons attained a given age. From a reading of the language in the will, we are impressed with the fact that the testator then directed his attention to the disposition to be made of such trust property in the event either of his said sons died prior to attaining the prescribed age. The testator

then added the third clause to his will wherein he provided that "In case either of my said sons should die before the time stated herein at which he is to receive the principal portion given him by this will, then and in that event it is my will that the provision herein made for him shall be and become null and void, and his said portion so willed to him shall inure to and become the property of and be divided among my said surviving children, share and share alike." It seems to us that when consideration is given to the fact that prior to reaching the stated age each son was nevertheless to receive the income from the trust property mentioned in the second clause, while neither was to receive anything from the life estate created by the first clause until the death of the life tenant, it is obvious that when he referred in the singular to "the principal portion given him by this will", he referred to the *corpus* of the property mentioned in the second clause and out of which *"corpus"* or "principal" the sons were receiving their respective shares of the income. In the construction of wills we are not authorized to supply needed words or expressions in order to arrive at the maker's intention. In the instant case the testator referred to but one "principal portion", and we cannot add thereto, nor surmise what his intention was, other than as expressed in the language he used. It is at once apparent from a reading of the will that the testator did not desire that either son should reach any particular age before receiving his remainder interest of the life estate created in the widow. It was further provided that when the widow died each son was to receive his remainder share regardless of his age or of the happening of any contingency other than the demise of the widow; while as to the property mentioned in the second clause the testator provided that the same should be held in trust until the sons attained a given age, but gave to them at all times during the pendency of the trust the income receivable from the "principal" or *corpus* of such trust. Manifestly no reason existed for the testator to make the third clause apply to the provisions of the first, but as to the property mentioned in the second clause his language in the third would indicate his desire that the sons enjoy the income, but in case of the death of either his share of the "principal" or *corpus* of the property out of which he had been receiving the income should have become vested in the surviving child. Had the

testator desired otherwise he could easily have said so by direct reference to the remainder estate just as he made explicit reference to the "principal", which is generally understood and regarded as synonymous with the *"corpus"* of a trust.

The order appealed from is affirmed.

York, P. J., and Doran, J., concurred.