[Civ. No. 14723. Second Dist., Div. One. June 27, 1945.]

Estate of JAMES V. BALDWIN, Deceased. TITLE INSURANCE AND TRUST COMPANY (a Corporation) as Trustee, etc., Petitioner and Respondent, v. NANCY BALDWIN MUNROE, Appellant; MINNIE B. GUTHRIE, as Administratrix, etc., Respondent.

Nourse & Jones for Appellant.

R. N. Stanfield for Contestant and Respondent.

YORK, P. J.—James V. Baldwin died testate leaving the following survivors: Katherine G. Baldwin, his wife; Andrew E. Baldwin, his son, and Nancy Jane Baldwin, now Munroe, his granddaughter. By the terms of his will he created a trust under which the residue of his estate was distributed to his son, Andrew E. Baldwin, who was named therein as trustee.

The instant appeal has been perfected by the granddaughter, named as remainderman in the testamentary trust, from that portion of the decree settling first and final account of successor trustee, which orders distributed to the administratrix of the estate of Katherine G. Baldwin, deceased, named as life beneficiary under the trust, the sum of $3,460, as the net income from the trust estate for the period from the death of the trustee, Andrew E. Baldwin, to the date of the death of said life beneficiary. It is urged by appellant that, since this amount of income was uncollected by the trustee and undistributed at the time the trust terminated, it vested in her under the terms of the trust.

Directions to the trustee relating to income and its distribution to the beneficiaries of the trust are contained in the order of distribution entered in the Estate of James V. Baldwin, deceased trustor, to wit:

"(b) To receive and collect the principal and income of the trust estate, invest and reinvest moneys available therefor, and, as hereinafter provided, to pay, accumulate, use or apply the income, and manage, administer and distribute the principal of the trust estate.

"(c) *The entire net income available for distribution* shall be paid in monthly, or if that is not possible, as often as is possible, to Katherine G. Baldwin (widow of James V. Baldwin, deceased), until she shall have received in each calendar year an amount in each year equal to the difference between the sum of Six Thousand Dollars ($6,000.00) and the total amount that she shall receive from the J. V. Baldwin Motor Company during said year as a salary, and the balance of said net income shall be paid to said trustee, Andrew E. Baldwin, until he shall have received an amount equal to that received by said Katherine G. Baldwin from the income of the trust estate; and the balance of said income, if any, shall be paid and divided equally between said Katherine G. Baldwin and said trustee, Andrew E. Baldwin.

"If said trustee, Andrew E. Baldwin, should predecease said Katherine G. Baldwin, *then the entire net income shall be paid* to said Katherine G. Baldwin during her life.

"(d) Upon the death of said Katherine G. Baldwin, this trust shall terminate, and the trustee shall then distribute and pay over to himself, the whole of said trust estate, *together with any income therefrom which was undistributed* at the time of the death of said Katherine G. Baldwin; or if said trustee shall not be living at the time fixed for the termination of this trust, as aforesaid, *then the corpus of the trust estate and the undistributed income therefrom* shall be distributed and paid over to Nancy Jane Baldwin (grandchild of James V. Baldwin, deceased)." (Emphasis added.)

The principal asset of the trust estate was 692 shares of stock of the J. V. Baldwin Motor Company, upon which a dividend of $5.00 per share was declared payable on the first days of April, July, October, 1943, and January, 1944. The April first dividend was paid to Andrew E. Baldwin, who, as trustee, was the holder of said shares of stock. On May 24, 1943, said Andrew E. Baldwin died, and his widow, respondent Jane D. Baldwin, qualified as executrix of his estate. On June 24, 1943, Title Insurance and Trust Company was appointed successor trustee of said trust, but no assets or income were received by it until after November 19, 1943, the date on which the estate of Andrew E. Baldwin, deceased, was distributed.

On September 9, 1943, Katherine G. Baldwin died and respondent Minnie B. Guthrie was appointed administratrix of her estate. The trust by its terms terminated upon the death

of said Katherine G. Baldwin, whereupon the corpus and undistributed income accruing therefrom became vested in Nancy Baldwin Munroe.

On November 19, 1943, the account of Jane D. Baldwin, as executrix of the estate of Andrew E. Baldwin, deceased, was settled and the assets of the trust estate were ordered delivered to the Title Insurance and Trust Company, as successor trustee, and on November 24, 1943, the dividend payable July 1, 1943, by said J. V. Baldwin Motor Company amounting to $3,460 was paid to said successor trustee. On February 9, 1944, said successor trustee filed its first and final account and report, petition for instructions and petition for discharge.

In its petition for instructions, said successor trustee requested directions as to the following:

"1. Are costs, fees and expenses of the within trust during the period covered by this account deductible from said dividend of $3,460.00?

"2. Is the net gross amount of said $3,460.00, representing said dividend, to be distributed and paid to the estate of said Katherine G. Baldwin, deceased, or to the remainderman under the within trust upon termination thereof, to-wit, Nancy Jane Baldwin Munroe?"

Respondent Guthrie and appellant Munroe filed answers and objections to said accounting, respondent successor trustee filed answers to the objections and the matter was then argued and submitted to the court, which found:

"That Katherine G. Baldwin survived Andrew E. Baldwin by three months and sixteen days; that dividends upon said stock of said J. V. Baldwin Motor Company comprised substantially all of the income of the within trust; that said dividend of $3,460.00 per quarter is, in effect, at the rate of $1,153.33 per month; that pro-ration of said dividend as the income of the within trust for the period during which said Katherine G. Baldwin survived said Andrew E. Baldwin amounts to $4,075.11 for said period of three months and sixteen days; that the items of expense chargeable against the assets of the within trust in the hands of said trustee and remaining unpaid comprise said fee to said trustee of $1,200.00 and said fees to attorneys of $1,000.00 as hereinabove set forth and found, together with the items set forth in said supplement to said account, and to-wit, the total sum of $3,070.76; that payment of said $3,070.76 should be appor-

tioned and charged as follows: Against income otherwise payable to said estate of said Katherine G. Baldwin, deceased, $615.11, and the balance thereof $2,455.65 should be apportioned against principal or corpus of the within trust; that there should be allowed and paid to said estate of Katherine G. Baldwin for said net income pursuant to the provisions of said trust as aforesaid the sum of $4,075.11, less $615.11, as aforesaid, and, to-wit, the sum of $3,460.00, and that all of the other expenses and charges, including said items, set forth in said supplement to account as aforesaid and said remaining charges herein should be paid in such manner that said Minnie B. Guthrie, as administratrix of the estate of said Katherine G. Baldwin, deceased, shall receive said sum of $3,460.00.''

Based upon said finding, the court rendered that part of the decree from which this appeal is taken, to wit:

''6. That there shall be paid to said Minnie B. Guthrie, as administratrix of the estate of Katherine G. Baldwin, deceased, *as the net income from the within trust for the period following the death of Andrew E. Baldwin* on May 24, 1943, to the date of the death of said Katherine G. Baldwin, to-wit, September 9, 1943, the sum of $3,460.00; that said trustee shall pay to said Minnie B. Guthrie as such administratrix on account of said sum of $3,460.00 said balance of cash remaining in its hands in the within trust in cash after payment of the items set forth in the preceding paragraph 5 of this order and decree, and to-wit, $584.22, and that said Minnie B. Guthrie, as such administratrix, is hereby given and shall have a lien and charge upon all of the assets of the within trust to secure payment of said balance due herein the sum of $2,875.78. . . .'' (Emphasis added.)

It is here urged by appellant that upon the termination of the trust, the corpus thereof and the undistributed income were distributable and payable to the remainderman and that no part thereof was payable to the life beneficiary; further, that the finding and decree of the court that the administratrix of the estate of the life beneficiary is entitled to $3,460 is contrary to and not supported by the evidence.

It appears to be established that ''if shares of stock are held in trust to pay the income to a beneficiary for life and are thereafter to be conveyed to another beneficiary, the life beneficiary is entitled to ordinary dividends *declared and payable* during the period of the trust. [Rest., Trusts, § 236, p. 704, comment *e*.] . . .

"*1.* If the dividend is declared during the period of the trust and is payable to shareholders of record at a date prior to the termination of the trust, the dividend is income, although it is payable on a date subsequent to the termination of the trust.

"*Illustration:* 8. On January 1, 1930, A dies bequeathing all his property, including shares of the X Company to B in trust to pay the income to C for life and on C's death to convey the principal to D. On March 1st the X Company declares an ordinary dividend payable on May 1st to shareholders of record at the close of business on April 1st. On April 15th C dies. The dividend paid on May 1st is income and C's personal representatives are entitled to it. [P. 707, comment *1.*]

"*m.* If the dividend is declared during the period of the trust and is payable to shareholders of record at a date subsequent to the termination of the trust, the dividend is not income of the trust.

"*Illustration:* 9. The facts are as stated in Illustration 8, except that C dies on March 15th. The dividend paid on May 1st is principal and C's personal representatives are not entitled to it." (P. 708, comment *m.*)

 The dividend here in question had been declared and was payable to Katherine G. Baldwin on July 1, 1943, a date which was subsequent to the death of the trustee. Section (c) of the trust is clear and unambiguous with respect to income accruing after the death of the trustee, to wit: "If said trustee, Andrew E. Baldwin, should predecease said Katherine G. Baldwin, *then the entire net income shall be paid* to said Katherine G. Baldwin during her life." This provision gave to Katherine G. Baldwin a vested right to the entire net income of the trust from the date of the death of the trustee to the date of her own death. But, by another provision of his will, testator expressly limited the monthly installments payable under the trust to his wife, Katherine, to "the entire net income *available for distribution*"; and further provided that upon the termination of the trust—i. e., upon the death of Katherine, the trustee should take the whole of said trust estate "together with *any income* therefrom which was *undistributed*" at that time; or, if said trustee was not living when the trust terminated, "the corpus of the trust estate and the *undistributed income therefrom*" should be paid over to appellant granddaughter. (Emphasis added.)

■ As stated by this court in *Estate of Somerville*, 38 Cal. App.2d 463, 468 [101 P.2d 533], "in determining the intention of the testator we must stand by the words of the will, and no intention should be attributed to the testator which cannot reasonably be drawn from the language of the document itself. Section 106 of the Probate Code directs us in the interpretation of wills to view the testamentary words thereof in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can, from the testamentary language, be ascertained."

■ There is nothing ambiguous in the language of the trust instrument here under consideration, it appearing to be the intention of the testator that the *entire net income available for distribution* should be divided between his widow and his son and paid to them during their joint lives; that upon the death of the son, *the entire net income* (available for distribution) should be paid to the widow; that upon the death of the widow, at which time the trust would terminate, *the corpus of the trust estate together with the undistributed income* should be paid over to the son, if living, and if he were not living, then *such corpus and undistributed income* should be distributed to the granddaughter. (Emphasis added.)

■ The accepted meaning of "distribute" is to divide among several or many; to deal out, apportion, allot. (Websters New International Dictionary (2d ed.).) Undistributed therefore means not apportioned, not dealt out, not allotted.

■ While the dividend in quesiton had been declared and was payable as of July 1, 1943, it was not available for distribution as income until it was paid to the successor trustee on November 24, 1943. Prior to that date the trust estate had terminated and the trustee had died, and as a result the dividend was then payable to appellant as undistributed income, according to the terms of the trust instrument.

Because of the conclusion reached, it is deemed unnecessary to pass upon appellant's second point.

That portion of the decree settling first and final account from which this appeal was taken is reversed, with directions to the trial court to enter its order in accordance with the views herein expressed.

Doran, J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 16, 1945.