[Civ. No. 17362. Second Dist., Div. Two. Apr. 5, 1950.]

Estate of WM. RAYMOND, Deceased. DUDLEY HARKLE-ROAD, as Guardian, etc., Appellant, v. SAMUEL R. RAYMOND, Individually and as Executor and Trustee, etc., Respondent.

McCutchen, Thomas, Matthew, Griffiths & Greene, George Harnagel, Jr., Boekel & Moran, John O. Moran and Paul E. Basye for Appellant.

Jennings & Belcher, and Stevens Fargo for Respondent.

WILSON, J.—Appellant, Andrea Withrow, a minor, one of six grandchildren of William Raymond, deceased, petitioned through her guardian for a determination of her interest in his estate. The trial court decreed that it was the intention of the testator William Raymond by his will to limit the participation of appellant under his will or any trust established therein to $30,000. The appeal, as recited in the notice, is from the "Order in Respect to Petition for Determination of Interests in Estate" and from so much of the "Order in Respect to First Account Current and Report of Trustee, etc." and "Order re Answer and Objections to Third Account Current, etc." as relate to the interpretation and construction of decedent's will.

The sole question to be determined is the extent of appellant's interest in the estate of decedent.

William Raymond died February 26, 1945. He was admitted to practice law but was not a practicing attorney. His will, which was executed on February 9, 1945, was drawn by experienced and competent lawyers. Decedent left surviving him his wife, Grace K. Raymond, his sister, Florence Boies and four children, Samuel Raymond, Elizabeth Withrow, Lucia Myers and Florence Sutphen. Elizabeth Withrow, the mother of appellant, died November 30, 1947. The other three children of decedent and his widow, who is now 66 years of age, and his sister, who is now 71, are all living. Appellant, who was born April 13, 1941, was 3 years of age at the time decedent's will was executed and is the sole surviving issue of Elizabeth Withrow.

The present controversy is centered in the construction to be given to Article Fifth of decedent's will, by which he disposes of the residue of his estate, and particularly subsection (c) thereof. By that article the testator gave 20 per cent of the residue outright to his son Samuel R. Raymond and placed 80 per cent in trust as follows:

"The Trustee shall divide the said Trust Estate, as near as may be, into shares as follows: Thirty percent (30%) of the Trust Estate for the benefit of my wife, GRACE K. RAYMOND, hereinafter referred to as Mrs. Raymond;

"Ten percent (10%) of the Trust Estate for the benefit of my sister, FLORENCE BOIES, hereinafter referred to as Mrs. Boies;

"Twenty percent (20%) of the Trust Estate for the benefit of my daughter ELIZABETH WITHROW, hereinafter referred to as Mrs. Withrow;

"Twenty percent (20%) of the Trust Estate for the benefit of my daughter LUCIA MYERS, hereinafter referred to as Mrs. Myers; and

"Twenty percent (20%) of the Trust Estate for the benefit of my daughter FLORENCE SUTPHEN, hereinafter referred to as Mrs. Sutphen."

This disposition is followed by subsection (c) which reads:

"(c) Upon the death of Mrs. Raymond or Mrs. Boies, the share set aside for the one so dying, including any income therefrom undistributed at the date of such death, shall be divided into four equal parts, and one of said parts shall go to augment the share held for the benefit of Mrs. Withrow, one of said parts shall go to augment the share held for the benefit of Mrs. Myers, and one of said parts shall go to augment the share held for the benefit of Mrs. Sutphen, or their re-

spective issue. The fourth of said parts shall continue to be held in trust for my son Samuel R. Raymond.

"Upon the death of either Mrs. Myers or Mrs. Sutphen, or Mrs. Withrow or Samuel R. Raymond, the share, as originally established or as augmented, held for such beneficiary so dying, including all undistributed net income from such share at the date of such death, shall be held for the issue of such beneficiary so dying, share and share alike, and the net income from such share shall be distributed in monthly or other convenient installments share and share alike, to the surviving issue of such beneficiary so dying. Upon such issue attaining the age of forty-five years, his portion of his parent's share, including all undistributed net income therefrom, shall be forthwith distributed to such issue.

"It is specifically provided, however, that upon the death of Mrs. Withrow, no greater portion of Mrs. Withrow's share than equals a value at the time of her death of Thirty Thousand Dollars ($30,000) shall be held for the benefit of Andrea Withrow, her daughter; if upon the death of Mrs. Withrow, she should leave issue other than Andrea Withrow, the excess of Mrs. Withrow's share over and above said Thirty Thousand Dollars ($30,000) shall be held for the benefit of such other issue, share and share alike. If, upon her death Mrs. Withrow leaves surviving her no issue other than Andrea Withrow, then the excess of her share over and above said sum of Thirty Thousand Dollars ($30,000) shall go to augment equally the shares then held for the benefit of my other children, including my son Samuel R. Raymond and including, by right of representation, the then living issue of any deceased child of mine. Should any of my children die without leaving issue, the share of this trust set aside for the benefit of such child shall go to augment equally shares then held for the benefit of my other children, including my son Samuel R. Raymond, and including by right of representation the then living issue of any deceased child of mine."

Appellant seeks a determination that in addition to the $30,000 interest in her mother's share she is entitled to an interest (1) in the shares of Grace K. Raymond and Florence Boies, respectively, if she survives them, and (2) in the shares of the trust held for Samuel R. Raymond, Lucia Myers and Florence Sutphen, respectively, if they die without issue and she survives them.

Appellant maintains that the limitation applicable to her participation in her mother's share cannot be construed as a limitation on her participation in the shares of Mrs. Raymond and Mrs. Boies; that the limitation is not one of general application but applies to Mrs. Withrow's share alone; that since Mrs. Withrow is deceased and there is no longer any share held for her benefit to be augmented, upon the death of Mrs. Raymond and Mrs. Boies one fourth of their respective shares shall go to augment the share held for the benefit of the issue of Mrs. Withrow; that the gifts in remainder of the pro rata portions of the shares held in trust for Mrs. Raymond and Mrs. Boies cannot be cut down by inference or argument from other parts of the will or by any words which are not equally clear and distinct as words of the gifts themselves, citing section 104 of the Probate Code, *Estate of Marti,* 132 Cal. 666 [61 P. 964, 64 P. 1071], *Estate of Goetz,* 13 Cal.App. 266 [109 P. 105], *Estate of Brown,* 22 Cal.App. 2d 480 [71 P.2d 345], *Estate of Shirley,* 107 Cal.App. 267 [290 P. 302], and *Estate of Somerville,* 38 Cal.App.2d 463 [101 P.2d 533].

The law is correctly stated but the application thereof in the cases cited by appellant is of no assistance in construing the will before us since there is no similarity in the wills. In each of the cited cases there is an outright bequest. In the instant case there is no outright bequest to appellant; she is a contingent beneficiary taking only through her mother's share.

In the *Estate of Marti, supra,* the testator gave the entire residue of his estate to his wife and in the latter part of his will expressed the desire that upon her death she should devise one half of the property bequeathed to her to the testator's relatives. The court held the word ''desire'' did not import a trust and the widow was entitled to the entire residue free from any limitation or trust.

In *Estate of Goetz, supra,* the testator made certain bequests followed by a statement that he had made no money bequests to certain of his nephews and his niece because the real property bequeathed to them was sufficient. The residue of his estate he bequeathed equally among all the legatees. It was held that it was reasonable to assume that the statement was in explanation of why he had made no definite money bequests to the niece and nephews to whom he devised the real property rather than that he intended thereby to exclude them from receiving any part of the residue of his estate.

The court in interpreting the testator's intention noted that the explanation immediately followed the primary disposition of the property whereas the residue was disposed of six clauses further along.

In *Estate of Brown, supra,* the question was whether advancements should be deducted from trust property devised in one part of the will or from the residue of the estate which was bequeathed in the same paragraph as that containing the limitation. The court held that the natural and reasonable interpretation of the language used was that the paragraph in its entirety related to the residue; that the limitation applied only to the part of the estate then under consideration and not to another part which had been divided in another manner.

In *Estate of Shirley, supra,* the will provided that the testator's property was to be distributed to his son and daughter if living and if not living to their children. By a codicil the testator disinherited the daughter's husband, his heirs and assigns, because of something the son-in-law had done. The court stated the testator could have had in mind only one of two things: cutting the son-in-law off from any right which he might claim to have through his deceased wife or cutting off the estate conveyed to his granddaughter by the previous part of the will. The doubt was resolved in favor of the estate conveyed and it was determined that the granddaughter was entitled to take under the will.

In the first paragraph of the will in *Estate of Somerville, supra,* the testator disposed of specific property by giving a life estate to his widow and the remainder to his four children. In the second paragraph he bequeathed the residue of his property, setting up a trust for the shares of his two sons. The next paragraph provided that in case either of his sons should die before receiving the ''principal portion given him by this will'' the provisions made for such child should become void. The court held it must have been the intention of the testator from the language of the third paragraph to void the rights of the deceased child in the principal portion of the trust and he did not intend to affect an interest outside the trust given in an entirely separately numbered paragraph and under different context.

In determining the intention of the testator the court must stand by the words of the will and no intention should

be attributed to him which cannot reasonably be drawn from the language of the document itself. (*Estate of Baldwin,* 69 Cal.App.2d 760, 766 [160 P.2d 124]; *Estate of Somerville,* 38 Cal.App.2d 463, 468 [101 P.2d 533].) There is a further rule, however, to be followed in the interpretation of the provisions of a will and that is that the instrument is to be examined with a view to discovering the decedent's testamentary scheme or general intention and the meaning of the particular words, phases and provisions shall be subordinated to such scheme, plan or dominant purpose. (*Estate of Hollingsworth,* 37 Cal.App.2d 432, 435 [99 P.2d 599]; *Estate of Somerville, supra; Estate of Puett,* 1 Cal.2d 131, 133 [33 P.2d 825].) The entire scheme of disposition must be considered, the property disposed of, persons named as devisees and legatees; words used should be considered in reference to the context and construed according to their surroundings. (*Estate of Welch,* 83 Cal.App.2d 391, 396 [188 P.2d 797]; *Estate of Franck,* 190 Cal. 28, 31 [210 P. 417]; *Estate of Kruce,* 10 Cal. App.2d 426, 429 [51 P.2d 1174]; *Estate of Greenwald,* 19 Cal. App.2d 291, 296 [65 P.2d 70].)

 Applying the foregoing rules to the will in the instant case, Mr. Raymond's testamentary scheme appears to have been to set up a trust (1) to provide for his wife, his sister and his children, (2) upon the death of his wife and his sister, their shares in the trust were to go to augment the shares held for the children, and (3) upon the death of any of the children the shares of such children as originally established or augmented were to be held for the benefit of their surviving issue, if any, until such issue attained the age of 45 years, limiting appellant's interest in her mother's share, however, to $30,000. His plan was to provide for his wife and sister during their lifetime and upon their death to distribute their respective shares equally among his children.

In the normal course of events Mrs. Withrow would have survived Mrs. Raymond and Mrs. Boies. In that event Mrs. Withrow's share would have been augmented by her portion of the respective shares of her mother and her aunt and, in such event, appellant would have been limited to the $30,000 interest in her mother's share. To determine that merely because Mrs. Withrow predeceased Mrs. Raymond and Mrs. Boies appellant should have the interest in her mother's share plus an interest in their respective shares would be to alter the testator's plan. In providing that ''upon the death of

Mrs. Raymond or Mrs. Boies the share set aside for the one so dying . . . shall be divided into four parts and one of said parts shall go to augment the share held for the benefit of Mrs. Withrow . . . or their [her] respective issue'' the testator could only have meant that Mrs. Withrow's portion of the respective shares of Mrs. Raymond and Mrs. Boies should go to augment her original share which in the event of her death would be held for her issue. He then limited appellant's interest in her mother's share to $30,000.

It is reasonable to assume that in limiting appellant's interest in her mother's share the testator meant the share as originally established or as augmented, particularly when consideration is given to the place where the limiting language appears, which is immediately following the paragraph providing for the redistribution of the shares of Mrs. Raymond and Mrs. Boies and the children upon their respective deaths, and to the use of the word ''however'' which precedes the words of limitation and which otherwise would have no meaning.

Furthermore, in the concluding sentence of the same paragraph the testator provides that if any of his children die without issue the ''share'' of the trust set aside for the benefit of such child shall go to augment equally the shares held for the benefit of his other children. Obviously here the testator intended the ''share'' of the child dying without issue to be the share as originally established or as augmented, otherwise there would be no disposition of any amount by which the original share had been augmented. It is not unreasonable to assume, therefore, that in limiting appellant's portion of her mother's share to $30,000 the testator intended that limitation to apply to her mother's share as originally established or as augmented, and not merely to the original share.

The same interpretation applies to any share in the trust held for the benefit of the children of the testator who might die leaving no issue. The share of such beneficiary goes to augment the shares then held for the benefit of the other children including by right of representation the then living issue of any deceased children. This is not a gift to appellant. She takes by right of representation the same share or right her mother would have taken but her participation in that share is specifically limited to $30,000. It is manifest from reading the entire will that it was the testator's intention that in no event should appellant receive more than that sum from

his estate and such intention must be given effect. (Prob. Code, § 101.)

Orders affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 21, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 1, 1950.